May SPACH, Trustee in Bankruptcy for the Estate of Robert L. Strauss, Appellant,

v.

Robert L. STRAUSS, Bankrupt, Appellee.

No. 23697.

United States Court of Appeals
Fifth Circuit.

March 2, 1967.

---

Robert R. Frank, Miami Beach, Fla., Frank & Strelkow, Miami Beach, Fla., for appellant.

William Manker, Miami, Fla., Manker & Gale, Miami, Fla., for appellee.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

COLEMAN, Circuit Judge:

On May 7, 1959, an involuntary petition in bankruptcy was filed against Robert L. Strauss. Hearings were held September 28–29, 1959, for purposes of §§ 3(d)[1] and 21(a)[2] of the Bankruptcy Act. At the conclusion of the hearings, Strauss was adjudicated bankrupt. A first meeting of creditors was held November 20, 1959. The trustees filed specifications and amended specifications in opposition to the bankrupt's discharge. Testimony on the objections to discharge was presented before the referee on March 31 and April 5, 1960. Testimony given at prior examinations of the bankrupt and his wife was made a part of the record to be considered by the referee. On April 14, 1960, the referee entered his order discharging the bankrupt. Upon petition for review, on December 29, 1960, the District Court issued an order reversing the referee's order of discharge.

Almost five years later, on August 24, 1965, the referee filed amended findings of fact and conclusions of law, and again discharged the bankrupt. These were affirmed by the District Court. The trustee appeals. We affirm.

The provisions of § 14(c) of the Bankruptcy Act,[3] relating to discharge,

1. Whenever a person against whom a petition has been filed alleging the commission of the second, third, or fifth act of bankruptcy takes issue with and denies the allegation of his insolvency or his inability to pay his debts as they mature, he shall appear in court on the hearing, and prior thereto if ordered by the court, with his books, papers, and accounts, and submit to an examination and give testimony as to all matters tending to establish solvency or insolvency or ability or inability to pay his debts as they mature and, in case of his failure so to do, the burden of proving solvency or ability to pay his debts as they mature shall rest upon him.

2. The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court or before the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt: Provided, That the spouse may be examined only touching business transacted by such spouse or to which such spouse is a party and to determine the fact whether such spouse has transacted or been a party to any business of the bankrupt; And provided further, That the spouse may be so examined, any law of the United States or of any State to the contrary notwithstanding.

3. The court shall grant the discharge unless satisfied that the bankrupt has (1) committed an offense punishable by imprisonment as provided under section 152 of Title 18; or (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; or (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation; or (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property with intent to hinder, delay,

must be construed liberally in favor of the bankrupt. Roberts v. W. P. Ford & Sons, 4 Cir., 1948, 169 F.2d 151. In this case the referee has twice found the bankrupt entitled to discharge. The latter of these conclusions was affirmed by the District Court. This appeal urges as error both the conclusion that Strauss was entitled to discharge and certain subsidiary conclusions, which we deem factual.[4]

The referee in bankruptcy has reasonably broad discretion in granting or refusing a discharge to a bankrupt. When the referee's determination has been approved by the district court, it should not be disturbed on appeal except for the most cogent reasons. Minella v. Phillips, 5 Cir., 1957, 245 F.2d 687, 690.

By confirming the referee's findings the District Court made them his own.

or defraud his creditors; or (5) in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy has been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this title; or (6) in the course of a proceeding under this title refused to obey any lawful order of, or to answer any material question approved by, the court; or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities; or (8) has failed to pay the filing fees required to be paid by this title in full: Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt.

4. The first error specified by the trustees refers to the referee's order of April 14, 1960. That order was reversed by the District Court, as explained above, and is not before this Court. Consequently we do not consider it. The remaining errors specified are the following:

2. The Referee erred in failing to find that the Discharge of the Bankrupt, Robert L. Strauss, should be denied.

3. The Referee erred in respect to said Order in that the Referee did not find that the Bankrupt failed to keep books of account, or records, from which his financial condition might be ascertained.

4. The Referee erred in respect to said Order in that he failed to find:

A. That the Bankrupt committed an offense punishable by imprisonment as provided under Title 18, United States Code, Section 152, and [in?] that the Bankrupt knowingly and fraudulently concealed his property and assets from his Creditors and the Trustees, on or about, June, 1956 to January 26, 1960 by plac-

ing his money and property in the names of various persons and corporations, to-wit: Luella Strauss, Ruth Redd, Florida International Corp., and Sone Corporation.

B. That the Bankrupt committed false oath in testimony given before the Hon. E. Coleman Madsen on the 28th day of September, 1959.

C. That the Bankrupt committed false oath in the filing of his schedules herein on November 3, 1959.

D. That the Bankrupt committed false oath on November 25, 1958 in Case No. 35805–G, Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, styled Slote v. Strauss.

E. That the Bankrupt within twelve (12) months immediately preceding the filing of the Petition in Bankruptcy transferred his capital stock in a corporation known as Bogata Lumber Limitada to Willie Reisman with intent to hinder, defraud, and delay his Creditors.

F. That the Bankrupt knowingly and fraudulently concealed his property and assets with intent to hinder, delay, and defraud his Creditors subsequent to the first day of the twelve months immediately preceding the filing of the Petition herein by placing his money on deposit in the Miami Beach First National Bank, Pan American Bank of Miami, and Dade National Bank in the names of his wife, Luella Strauss; his secretary, Ruth Redd.

G. That the Bankrupt knowingly and fraudulently concealed his property and assets with intent to hinder, delay, and defraud his Creditors by device of loans, exchanges, and stock transfers with Luella Strauss, Florida International Corp., Air International Corp., Willie Reisman, Ruth Redd, Sam Kay, and Sone Corporation.

5. The Referee erred in respect to said Order in that on the Hearing on the Amended Specification of Objections to Bankrupt's Discharge filed by the Trustees he denied the Trustees leave to amend the amount set forth in Paragraphs 5 and 6 so that said amounts would conform to the evidence before the Court.

Fed.R.Civ.P. 52(a) precludes reversal on a factual issue unless it is found to be clearly erroneous, Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774. The sole inquiry here, then, is whether the factual issues were resolved erroneously, and clearly so, and whether the discharge in this case amounted to an abuse of discretion.

The referee's amended findings rejected, one by one, the specifications against discharge.

The retention of canceled checks, check stubs, deposit slips and bank statements for ten years was found to be sufficient record keeping to ascertain Strauss' financial condition. Since all of Strauss' assets were disclosed at or before the first meeting of creditors November 29, 1959, it was found that there was no fraudulent concealment.

A difference of some $800,000 in the liabilities admitted by Strauss in his answer to the involuntary petition and those contained in the schedules later filed was satisfactorily explained to the referee as contingent liabilities included on the advice of counsel.

The three thousand odd dollars on deposit in an Atlanta bank were found not fraudulently concealed, for $2,775 was deposited after the date of adjudication, and the existence of the bank account was disclosed by the time of the first meeting of creditors.

There were allegations that the bankrupt swore falsely in the filing of schedules and that there was fraud in his methods of operating through corporations and bank accounts of his wife and secretary. It does not appear that the State Court proceeding [in which Strauss said he knew nothing of his wife's affairs] was "in or in relation to any bankruptcy proceeding" within the ambit of 18 U.S.C.A., § 152. The referee found that the bankrupt had operated through checking accounts not in his own name for many years, not always under threat of bankruptcy. He found that there was no fraud.

The referee's action in refusing to allow the trustees to amend one specification was not prejudicial, for the whole specification, relating to the Atlanta bank account, was overruled.

Oral argument revealed the intensity of the feelings of the parties, but that has nothing to do with an objective disposition of the appeal. The referee and the district judge, over a period of five years, have wrestled with this matter and have closed the books. Not being able to say that the factual findings were clearly erroneous, and finding no error of law, we decline to revive the controversy.

Affirmed.