Marie LEACHMAN, Trustee in Bankruptcy, Appellant,

v.

Philip Philip MITCHELL, Ind. a/d/b/a Philip Philip Mitchell Advertising Specialties, Appellee.

No. 25844.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1968.

———◆———

J. Ralph McClelland, Jr., Atlanta, Ga., for appellant.

Stacey W. Cotton, Cotton, Katz & White, Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

The Trustee in bankruptcy appeals from an order granting discharge. The Trustee objected to the discharge on three of the statutory grounds.[1] After extensive hearings the Referee found that the bankrupt (a) did not, within twelve months immediately preceding bankruptcy, make a conveyance transferring or concealing property with the intent to hinder, delay or defraud creditors, (b) did not conceal or fail to keep books and records from which his financial condition and business transactions could be ascertained, and (c) did satisfactorily explain all losses or deficiencies of assets to meet his liabilities. On the basis of these findings the Referee concluded that the discharge should be granted. On the Trustee's petition for review, the District Court affirmed the Referee's decision.

---

1. The pertinent provisions are as follows: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (2) destroyed, mutilated, falsified, concealed or failed to keep or preserve books of account or record, from which his financial condition and business transactions might be ascertained * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy transferred, removed, destroyed or concealed or permitted to be removed, destroyed or concealed any of his property, with intent to hinder, delay or defraud his creditors * * * or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities * * *."
Bankruptcy Act § 14(c), 11 U.S.C.A. § 32.

For purposes of this appeal the parties stipulated that the findings of fact of the Referee would be accepted as true, which eliminates whatever argument there might be that any of these fact findings were "clearly erroneous." See Spach v. Strauss, 5 Cir., 1967, 373 F.2d 641. Consequently, the only question is whether, on the now undisputed facts, the District Court reached the correct conclusion of law.

■ The provisions of the Bankruptcy Act relating to discharge must be liberally construed in favor of the bankrupt. Spach v. Strauss, supra. The statute provides that the discharge shall be granted unless the court is satisfied that the bankrupt engaged in one of the enumerated acts. It begins as a fact question. The facts are now out of the case since it is now agreed that none of the stipulated acts has occurred. There it ends. The discharge was warranted.

Affirmed.