**In the Matter of Noel Berthold Baum, Debtor.**

**Noel Berthold BAUM, Appellant,**

v.

**R. C. ANDERSON, Appellee.**

**No. 76-2764**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

Rehearing Denied Dec. 2, 1976.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Franz Joseph Baddock, Baton Rouge, La., for appellant.

Marvin F. Gahagan, Natchitoches, La., for appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

On late Friday, January 9, 1976, Noel Baum filed a petition in Federal Court for an Arrangement under Chapter XI of the Bankruptcy Act. On Monday, January 12, 1976, R. C. Anderson filed a foreclosure in Louisiana state court on the second mortgage he held on Baum's home. In a blunderbuss appeal which he penned in colorful terms Baum sought sanctions, including a running daily monetary penalty based upon § 2(a) 15 of the Bankruptcy Act [1] and Rules 770, 771, and 914 of Bankruptcy Rules of Procedure [2] and a dismissal of the state

1. **Courts of bankruptcy may:**

"(15) Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessarily for the enforcement of the provisions of this Act: Provided, however, that an injunction to restrain a court may be issued by the judge only."

2. **Rule 770. Judgment for Specific Acts; Vesting Title**

If a judgment directs a party to execute a transfer or to deliver a document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the court shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. In proper cases the disobedient party may also be held in contempt in proceedings under Rule 920. The court in lieu of directing a transfer of real or personal property may enter a judgment divesting the title of any party thereto and vesting it in others and such judgment has the effect of a transfer executed in due form of law. When any judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the court.

**Rule 771. Process in Behalf of and Against Persons not Parties**

Rule 71 of the Federal Rules of Civil Procedure applies in adversary proceedings.

**Rule 914. Procedure in Contested Matters Not Otherwise Provided for**

In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. In all such matters, unless the court

foreclosure proceeding pursuant to Bankruptcy Rule 11–44(a).[3] He contends that the filing of a petition for an Arrangement requires the dismissal of all actions against the debtor filed subsequent thereto and a stay of those actions previously filed. The District Court affirmed the Bankruptcy Judge's dismissal of Baum's petition. We substantially affirm but reverse in part to assure an effective stay.

There is conflicting testimony concerning whether Anderson was aware of the Arrangement petition at the time he filed his state court action. The Bankruptcy Judge found that Anderson's foreclosure petition was filed in good faith, and without his having any knowledge of the filing of the petition for Arrangement, as did the District Judge. We cannot find evidence in the record to warrant a reversal on clearly erroneous grounds so we accept the finding of facts by the Bankruptcy Judge.[4]

Anderson has agreed not to proceed further with his foreclosure and his offer to stay that action is in the record. However, he would not agree to dismiss the foreclosure, the lower court did not order him to dismiss, nor did it impose compensatory damages, hence, this appeal was taken by Baum. The District Court apparently felt that the statutory stay was enough. And in no sense did it recognize the right of the foreclosing mortgagee to proceed further. Baum asserts that since it is uncontradicted that the XI proceeding was in fact commenced before the state foreclosure petition Rule 11–44(a) compels its dismissal, that a stay is inadequate.

The provision for automatic stay of actions against the debtor under Chapter XI is very similar to other provisions in the Bankruptcy Act. A survey of the Act and Bankruptcy Rules of Procedure (BRP) reveals that the drafters intended that the filing of a petition would in many cases effect an automatic stay of collateral actions. For example, Ch. X corporate reorganizations [5], Ch. XII real property arrangements [6], and Ch. XIII wage earners'

otherwise directs, the following rules shall apply: 721, 725, 726, 728–737, 741, 742, 744.1, 752, 754–756, 762, 764, 769, and 771. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable and relevant in a contested matter in a pending bankruptcy case may proceed in the same manner as provided in Rule 727 for the taking of a deposition before an adversary proceeding. For the purposes of this rule a reference in the rules in Part VII to adversary proceedings shall be read as a reference to contested matters. Notice of an order or direction under this rule shall be given when necessary or appropriate to assure to the parties affected a reasonable opportunity to comply with the procedures made applicable by the order.

3. **(a) Stay of Actions and Lien Enforcement.** A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

4. Rule 752 BRP adopts Rule 52 of the Federal Rules of Civil Procedure providing that "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The Fifth Circuit has held that there may not be a reversal on a factual issue in a bankruptcy case unless it is found to be clearly erroneous. *Spach v. Strauss*, 5 Cir., 1967, 373 F.2d 641.

5. BRP 10–601(a) provides that a petition filed under Rule 10–104 or 10–105 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against it, or of any act or the commencement or continuation of any court proceeding to enforce any lien against its property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of its estate.

6. BRP 12–43(a) provides that a petition filed under Rule 12–6 or 12–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

plans [7] all contain provisions similar to that found in XI.

Additionally in the Bankruptcy Rules of Procedure there are two more provisions for automatic stays found in Rule 401 [8] and Rule 601 [9] against certain actions on unsecured debts and lien enforcements, respectively.

It is not by accident that the same provision reoccurs in the Act so frequently. The Advisory Committee's Notes contain the reason. Under the notes to BRP 10–601, 12–43, 13–401, 11–44, and 401 we are told that these provisions are all intended to supplement and reinforce the policy of § 11(a) [10]. Section 11(a) provides for a mandatory stay until adjudication or dismissal of the petition of all actions founded on dischargeable debts which are pending against the bankrupt when the petition is filed. The stay in § 11(a) is primarily for the benefit of the bankrupt that he may avoid harassment which results from a creditor filing an action in another court with regard to the same debt.[11]

It was not until 1973 with the advent of the Bankruptcy Rules of Procedure that the stay of collateral actions became automatic. Prior to this time bankruptcy judges had discretion in granting or denying stays.[12] The intent of the drafters that stays should be automatic is buttressed by the adoption of Rule 9–4 which became effective in August of this year. Once again the provision for automatic stay is carried into another area of the Bankruptcy Rules of Procedure.[13]

Because we give full voice to the rules calling for an automatic stay our decision will have far reaching effects on all the Chapters of the Act. Our decision is made with the recent changes of the Act and the Advisory Committee's Notes in mind. But

**7.** BRP 13–401(a) contains a similar provision:

[A] petition filed under Rule 13–103 or Rule 13–104 shall operate as a stay of the commencement or continuation of any action against the debtor, or the enforcement of any judgment against him; or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of rehabilitation of the debtor or the liquidation of his estate.

**8.** The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of § 17a of the Act.

**9.** The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.

**10.** The power created under § 2a(15) and supplemented by Rule 401(a) is used by the courts of bankruptcy to stay proceedings that will primarily affect the bankrupt's estate and its administration or custody. Collier on Bankruptcy, Vol. 1–(a), ¶ 11.02.

**11.** *Id.*

**12.** That the court had discretion in granting stays under § 314 but not under Rule 11–44(a) is evidenced by the wording. Section 314 reads:

§ 314. Stay of actions

—The court *may*, in addition to the relief provided by section 11 of this Act and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor. (Emphasis added).

Rule 11–44 states that the petition *shall* operate as a stay. See note 3, *supra*.

**13.** A petition filed under Rule 9–3 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the petitioner or any officer or inhabitant thereof, which seeks to enforce any claim against the petitioner, or of any act or the commencement or continuation of any court or other proceeding to enforce any lien on the property of the petitioner or a lien on or arising out of taxes or assessments due the petitioner, and shall operate as a stay of the enforcement of any setoff or counterclaim relating to a contract, debt, or obligation of the petitioner.

it does not reach the limits which Baum seeks. We hold that while there is no question that the action in the state court is and should be stayed until the settlement of the Arrangement, the lower court was entitled to decide that it was not mandatorily required by the rules to dismiss the state court foreclosure since the equivalent protection would be afforded by the automatic stay which we now require to be entered formally.

While literally the commencement of an action after the Arrangement petition is filed invokes the rule automatically as we have held, there are questions, depending on the circumstances whether there is any reasonable need to order a dismissal of the action; whether a stay is in fact adequate.

Baum has received the benefits intended to be conferred by the Act and Rules either under § 2(a)15 or BRP 11–44(a). He is not being harassed by the mere filing of Anderson's foreclosure petition (quite the contrary, Anderson has fully co-operated with the court and his Arrangement plan was not defeated by the Bankruptcy Judge's refusal to dismiss the foreclosure.)

The Bankruptcy Rules of Procedure cited above, 10–601,[14] 12–43,[15] 13–401,[16] 401,[17] 601,[18] and 9–4 [19] have more in common than just protection of the debtor from harassment or protection of the estate. To give the Bankruptcy Court ample leeway to meet all situations these Rules without exception grant the Bankruptcy Judge the power, for cause shown, to terminate, annul, modify, or condition the stay. This grant of power makes it unnecessary to agree with Baum's contention that the Court must dismiss every action filed subsequent to the XI petition.

The Bankruptcy Judge found, and the record does not dispute, that Anderson acted in good faith, filing his foreclosure petition without knowledge of Baum's XI petition. While some action must be taken to obliterate the effectiveness of the state court's order [20] and the sheriff's duty to act on it [21] all of these problems will be met by the issuance of a formal stay. We differ with the District Judge in a very limited degree to this extent, due to the interest of third parties such as the state judge, the sheriff and others dealing with the property, there was a necessity for entering a formal order staying the state court action. Although counsel for Anderson has conceded by way of a carbon copy of a letter to the sheriff and state court that the foreclosure action is stayed, this is not enough. The petition filed in state court under 6 LSA CCP Art. 2631 *et seq.* calls for the entry of an order requiring seizure. State court Judge Pickett, following this procedure, issued the order requiring the sheriff to take possession of the property.[22] This order is still outstanding and no letter from counsel for Anderson can minimize the existence or validity of the order or the sheriff's obligation to execute on it.

We remand with directions to the District Court to enter a formal order staying the foreclosure pending the conclusion of the Arrangement or further order of the District Court.

MODIFIED AND AS MODIFIED AFFIRMED.

14. See note 5, *supra.*

15. See note 6, *supra.*

16. See note 7, *supra.*

17. See note 8, *supra.*

18. See note 9, *supra.*

19. See note 13, *supra.*

20. 6 LSA CCP Art. 2638 provides that if a party is entitled thereto, the Court shall order the issue of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage, which order was entered in this case on January 13, 1976 by the state court judge.

21. LSA–RS 13–3858 subjects the sheriff to fines ranging from $25 to $500 and imprisonment for 30 days to six months plus civil damages for failure to seize property as ordered.

22. "Let executory process issue herein, and let a writ of seizure and sale issue herein as prayed for and according to law."