In re SEAFARER FIBERGLASS
YACHTS, INC., Debtor.

Bankruptcy No. 74–B–1532.

United States Bankruptcy Court,
E. D. New York,
Westbury Division.

Nov. 30, 1979.

Battle, Fowler, Jaffin, Pierce & Kheel, New York City, for debtor; Lawrence Mittman, New York City, of counsel.

Oldenburg, Lent & Kirkhuff, Habush, Habush & Davis, S. C., Madison, Wis., for claimants; Daniel A. Rottier, Madison, Wis., of counsel.

ROBERT JOHN HALL, Bankruptcy Judge.

The debtor, herein, SEAFARER FIBERGLASS YACHTS, INC. ("SEAFARER"), has moved this Court for an order: (1) declaring that a judgment obtained by David White, Darlene D. White and Curtis M. Kirkhuff, as guardian *ad litem* for Daniel D. White (hereinafter collectively referred to as the "Claimants") was in direct contravention of Federal Rule of Bankruptcy Procedure 11–44, and therefore it is null and void, and of no force and effect; and directing the Claimants to immediately take whatever steps that are necessary to vacate the judgment and any lien entered in connection therewith against SEAFARER's property.

For the reason set forth in this opinion, this Court finds that the Claimants violated the automatic stay provisions of Rule 11–44(a), as well as the stay provision contained in the Order To Continue Operation Of Business dated November 19, 1974, signed by Bankruptcy Judge William Rudin ("Order of Continuance"), by commencing an action against SEAFARER in a Wisconsin State Court. Therefore, the judgment rendered by the Wisconsin State Court is null and void and of no force and effect.

## DISCUSSION

SEAFARER filed a petition for an arrangement under Chapter XI on November 14, 1974 ("Chapter XI petition"). Thereafter, on November 19, 1974 SEAFARER was authorized to operate and manage the business and property of the debtor as debtor in possession. SEAFARER is primarily engaged in the design, manufacture and sale of fiberglass sail boats.

The basic facts underlying the present controversy are not in dispute. In May 1972, prior to the filing of the Chapter XI petition, SEAFARER sold a sail boat to Charles R. Blood, ("Blood") a resident of Madison, Wisconsin. Thereafter, on or about May 26, 1978, almost 4 years after the filing of the Chapter XI petition, Claimants commenced an action against SEAFARER in Wisconsin State Court (the

"State Action") by an undated amended summons and complaint.

Claimants alleged in their complaint that: (1) prior to May 28, 1975 SEAFARER sold Blood a "Seafarer Sail-n-Trail 24" boat (the "Boat"); (2) On May 28, 1975, Blood's eight year old son and Daniel D. White, were playing with matches and set fire to the boat's cabin, which purportedly resulted in severe burns and other injuries to Daniel D. White; (3) The materials used in the cabin area in the bow of the Boat, including the foam cushions and the coverings, did not conform to the flammability standards as required by the Fabrics Flammability Act; (4) As a result thereof, the Claimants were entitled to damages jointly and severally against the defendants, including SEAFARER, in the aggregate amount of $860,000.00 together with attorney's fees.

On June 27, 1978, a copy of the Complaint was served upon Mr. Brian B. Ackworth, President of SEAFARER, by the Office of the Sheriff of Suffolk County. For whatever reason, Ackworth neither turned over the Complaint to his attorneys, nor did he take any other action in connection therewith.

Subsequently, on September 22, 1978, a hearing was held in the State Court on the Claimants' motion for a default judgment against SEAFARER in the State Action. Notice of this hearing was provided to neither SEAFARER nor its attorneys.

On October 3, 1978, the State Court entered a default judgment as against SEAFARER for each of the Claimants, as follows: Daniel D. White—$600,000; David White—$25,000; and Darlene L. White—$35,000.

Thereafter, in October, 1978 notice of the entry of the default judgment was served on SEAFARER by the Office of the Sheriff of Suffolk County. On or about May 14, 1979, each of the Claimants filed proofs of claim in this Court against the estate of the debtor-in-possession in the aggregate amount of $660,000.

The issue before this Court is whether or not the Claimants violated the automatic stay provision of Federal Rule of Bankruptcy Procedure 11–44(a), and/or the stay provision contained in the Order of Continuance.

I

Section 311 of the Bankruptcy Act confers upon the Bankruptcy Court "exclusive jurisdiction of the debtor and his property, wherever located." To protect its exclusive jurisdiction, the Bankruptcy Court may "enjoin or stay until final decree the commencement or continuation of suits . .". Bankruptcy Act section 314. Federal Rule of Bankruptcy Procedure 11–44 supplements and reinforces the policy of Section 314 by relieving the debtor of the necessity to file an application for a stay or injunction against the commencement or continuation of any court or other proceeding against him whether or not founded on dischargable claims. 14 *Collier on Bankruptcy* (14th ed. 1972) paragraph 11–44.01

Rule 11–44(a) provides:

*Stay of actions and lien enforcement.* A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

■ Claimants argue that since they were not listed as creditors in the debtors schedules, the automatic stay was annulled as against them in accordance with Rule 11–44(c).

Rule 11–44(c) provides:

*Annulment of stay.*

At the expiration of 30 days after the first date set for the first meeting of creditors, a stay provided by this rule other than a stay against lien enforcement shall be deemed annulled as against any creditor whose claim has not been

listed in the schedules and who has not filed his claim by that time.

 The Court cannot accept Claimants' ingenuous argument, that a creditor of a Debtor, who having come into existence more than thirty days after the first date set for the first meeting of creditors, is not subject to the automatic stay provisions of Rule 11–44(a).[1] Claimants' argument flies in the face of the clear statutory mandate which gives the Bankruptcy Court exclusive jurisdiction over the debtor and its property.

 In addition, Claimants' position is inconsistent with Section 362 of the Bankruptcy Reform Act of 1978 ("the Code"). Section 362(c) of the Code provides that unless a creditor seeks relief from the automatic stay, the automatic stay continues "until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied".[2]

 The Court approves of the policy contained in Section 362(c) of the Code, which does not afford an individual creditor an advantage over other creditors merely because a debtor failed to list that creditor in his schedule of creditors, or because that creditor did not exist as such on the date the petition under Title 11 was filed.

 It is proper for this court to consider the Code when the result which the new legislation would compel is not precluded in any way by the decisions rendered under the present Bankruptcy Act and Rules. See, *In re Texlon Corporation,* 596 F.2d 1092, 1098 (2d Cir. 1979); *Rohauer v. Killiam Shows Inc.,* 551 F.2d 484, 494 (2d Cir.) cert. denied 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977); *Goodis v. United Artists Television,* 425 F.2d 397, 403 (2d Cir. 1970). The question then is whether or not Rule 11–44(c) directly conflicts with Section 362(c) of the Code.

 Rule 11–44(c) does not on its face apply to the situation before this Court, i. e., a creditor of the debtor who came into existence *after* the filing of the Chapter XI petition and *after* the expiration of thirty days after the first date set for first meeting of creditors. Therefore, this Court may consider the policy contained in Section 362, which merely reaffirms and reinforces the Bankruptcy Court's ability to exercise complete control over the debtor and his property "to prevent a chaotic scramble for the debtor's assets, a scramble which could very well lead to conflicting decisions from different courts." *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* supra, at 56–57.[3]

The Second Circuit has recognized the importance of the Bankruptcy Court's exclusive jurisdiction over the debtor and his property.

---

1. 28 U.S.C. § 959 authorizes lawsuits against debtors-in-possession "with respect to any of their acts or transactions in carrying on business".

 Even disregarding Claimants' failure to sue SEAFARER as debtor-in-possession, § 959 does not authorize the State Action. The State Action arises from the sale of a boat by SEAFARER in 1972, 2 years before the filing of the Chapter XI petition. The debtor-in-possession neither sold the boat to Blood, nor transacted any business whatsoever regarding the boat. While a suit which stems from a debtor-in-possession's efforts to conduct routine business is permitted under § 959, "[a] suit to enhance a creditor's position in the reorganization of the bankrupt [sic] is not so authorized". *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 57, (2d Cir. 1976), cert. denied 429

U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). The State Action falls within the latter category and, therefore is not authorized by § 959.

2. Clearly, § 362(c) of the Code supercedes Rule 11–44(c).

 Provisions in certain of the Rules concerning automatic annulment of the stay as against any creditor whose debt has not been duly scheduled have been superceded by the express language of § 362(c). 2 *Collier on Bankruptcy,* (15th ed. 1979), ¶ 362.06.

3. In view of the United States Supreme Court's decision in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), upon the appropriate objection, this Court may have the power to review *de novo* the claims filed by Claimants in this Chapter XI proceeding.

. . . Section 311 of the Bankruptcy Act, 11 U.S.C. § 711, confides to the bankruptcy court 'exclusive jurisdiction of the debtor and its [sic] property, wherever located.' Statutes which confide exclusive jurisdiction to specialized courts are not to be construed in a manner which impairs that exclusivity. Exclusive jurisdiction means exclusive jurisdiction. *Fritz v. United States,* 535 F.2d 1192 (9th Cir. 1976). And, indeed, *the need for exclusive jurisdiction in bankruptcy proceedings is compelling. Such jurisdiction is necessary 'to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization'.* 6 Collier, Bankruptcy ¶ 3.03 at 424 (14th ed. 1972). *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* supra, at 53 (emphasis added).

Recently, the Second Circuit commented on the breadth of the Bankruptcy Court's jurisdiction in a Chapter XI proceeding.

Section 311 of the Bankruptcy Act quoted in note 4, supra, is similar to a provision which Congress placed in § 77(a) in 1933, 47 Stat. 1467, 1474, and in § 77B(a) in 1934, 48 Stat. 911, 912. It is also paralleled by § 111 in Chapter X, § 411 in Chapter XII, and § 611 in Chapter XIII, all of which were included, as was § 311, in the Chandler Act of 1938, 52 Stat. 840. Without benefit of so explicit a direction, courts had long held that the effect of § 2a of the Bankruptcy Act was to give the district court in which the bankruptcy petition was filed exclusive power over the proceedings in bankruptcy, initiated by the petitioner and ending in the distribution of assets among the creditors, the discharge of, or refusal to discharge, the bankrupt, and the closing of the estate, 1 Collier, Bankruptcy ¶ 2.06 at 152. See id. at 15357. This power *included the authority to prevent, by proper orders, the doing of anything that will at any stage of the proceedings, tend to embarrass the court in the equitable distribution of the estate of the bankrupt.* Id. at 156–57. *Virginia Iron, Coal & Coke Co. v. Olcott,* 197 F. 730, 734 (3 Cir. 1912). See *United*

*States Fidelity & Guarantee Co. v. Bray,* 225 U.S. 205, 216–18, [32 S.Ct. 620, 56 L.Ed. 1055] (1912); *Isaacs v. Hobbs Tie & Timber Co.,* 282 U.S. 734, 739, [51 S.Ct. 270, 75 L.Ed. 645] (1931); *Gross v. Irving Trust Co.,* 289 U.S. 342, 344–45, [53 S.Ct. 605, 77 L.Ed. 1243] (1933). *The specialized jurisdictional provisions prefacing each of the reorganization Chapters retain and amplify the core of exclusive jurisdiction long granted to the bankruptcy court by § 2a.* In discussing § 111, it has been stated, 6 Collier, Bankruptcy, ¶ 3.03 at 412:

> The essential purpose remains: to render the authority and control of the reorganization tribunal paramount and all-embracing to the extent required to achieve the ends contemplated by Chapter X; and to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the progress of reorganization.

*These remarks apply equally to § 311. Guardian Mortgage Investors v. Unofficial Note-Holders-Debentureholders Creditors Committee* 5 BCD 882, 883 (2d Cir. 1979). (emphasis added)

A case similar to the one at bar is *In re Helios Corp.* 5 BCD 787 (W.D.Va., 1979) (Hickson, B. J.). In *Helios* the plaintiff sued the debtor in state court for professional services rendered prior to the filing of the Chapter XI petition. The debtor filed a motion to dismiss plaintiff's motion for judgment in the State Court upon the automatic stay of actions against the debtor as provided under Rule 11–44(a). The plaintiff then filed a complaint for relief of stay which alleged as a basis for relief, that the defendant had failed to list the plaintiff as a creditor for the debt owed to plaintiff and thereby denied plaintiff notice of this debtor proceeding and deprived the plaintiff of an opportunity to file his claim in the proceeding.

The Bankruptcy Court summarized the plaintiff's position as follows:

It is argued that 'in both 401(c) and Rule 11–44(c) a creditor can be inactive until after confirmation and then a dispute over knowledge in order to have the unscheduled debt survive the discharge attendant upon entry of the order of confirmation.' In support of this statement we are cited 12 Collier on Bankruptcy (14 ed.) Para. 401.05. . . .

The quoted text [omitted] relates to Rule 401(c) concerning straight bankruptcy proceedings. Now to look to the corresponding rule relating to arrangement proceedings under Chapter XI, it is provided:

(c) *Annulment of Stay.* At the expiration of 30 days after the first date set for the first meeting of creditors, a stay provided by this rule other than a stay against lien enforcement shall be deemed annulled as against any creditor whose claim has not been listed in the schedules and who has not filed his claim by that time. Rule 11–44.

It is this provision under Rule 11–44 which plaintiff contends permits an unlisted creditor, who has not filed a claim, to proceed in a non-bankruptcy forum to enforce the debt and that by inactivity on the part of such unlisted creditor until after confirmation, his unscheduled debt survives the discharge attendant upon entry of order of confirmation. *If this were the law an innocent oversight or inadvertent omission of a creditor by the debtor in preparing his list of creditors would afford the unlisted creditor an advantage over every scheduled creditor of the same class and might defeat the plan,* even though such creditor had actual knowledge and the same opportunity as listed creditors to participate in the proceeding. *The law is not designed for such purpose.* . . . *In re Helios Corp.,* supra, at 788. (emphasis added)

If an innocent oversight or inadvertent omission of a creditor by the debtor preparing his list of creditors will not afford the unlisted creditor an advantage over every scheduled creditor of the same class, *a forti-*

*ori,* a creditor who was unlisted, not because of an oversight, but because he did not exist as a creditor at the time, will not be permitted an advantage over all other scheduled creditors. The Claimants' unilateral action in obtaining judgment, without first seeking relief from stay, has resulted in the inability of the debtor to reach a plan of arrangement with its creditors. It was just this situation which the stay provision of the act was designed to prevent.

## II

■ Assuming arguendo that the Rule 11–44(a) automatic stay had been annulled as against the Claimants, the Order of Continuance stayed Claimants from commencing an action against the debtor.

Section 314 of the Bankruptcy Act authorizes the Bankruptcy Court to enjoin or stay the commencement or continuance of suits against the debtor. The Bankruptcy Court exercised this power by including in the Order of Continuance the following paragraph:

"ORDERED, that until the further order of this Court, and pursuant to Rule 11–44 of the Rules of Bankruptcy Procedure, *all creditors secured or unsecured,* landlords, lessors of the debtor, their agents, servants or employees, attorneys, marshals, sheriffs, their agents, custodians, officers, representatives and all other persons acting on their behalf, *be, and they hereby are restrained and enjoined from taking any further steps or proceedings with respect to their respective indebtedness and/or property, except before this Court;* . . . (Order of Continuance, p. 6) (emphasis added)

■ The automatic stay provision contained in Rule 11–44(a) did not prevent the Court from issuing the aforesaid Order. Rule 11–44(f) specifically provides that:

*Availability of other relief.* Nothing in this rule precludes the *issuance of,* or relief from, *any stay,* restraining order, or injunction *when otherwise authorized.* (emphasis added)

The annulment provision of Rule 11–44(c) applies only to a "stay provided *by this Rule*". The only stay provided for in Rule

11–44 is the automatic stay provision contained in subdivision (a). Rule 11–44(f) does not empower the Court to stay or enjoin suits against the debtor. It merely posits the Bankruptcy Court's power to stay or enjoin such actions pursuant to Bankruptcy Act Sections 314 and 2(a)(15). The annulment provision of Rule 11–44(c) does not apply to stays obtained by the debtor pursuant to Sections 314 and Section 2(a)(15). Therefore, Claimants, violated the stay provision contained in the Order of Continuance when they commenced the State Action.[4]

In view of the foregoing it is

ORDERED, ADJUDGED, AND DECREED that the default judgment obtained by Claimants in the Wisconsin State Court be, and the same hereby is declared to be null and void and of no force and effect; and it is further

ORDERED, that Claimants immediately take whatever steps that are necessary to vacate the judgment and any lien entered in connection therewith against SEAFARER's property.

---

**4.** Since the Court has determined that the Claimants violated the automatic stay provision of Rule 11–44(a) and the stay provision contained in the Order of Continuance, it is unnecessary for this Court to determine whether or not the Wisconsin State Court lacked personal jurisdiction over the debtor.