W. James SCHMIDT, Plaintiff-Respondent,

v.

Winston JUDD, d/b/a Wisconsin Sealed Storage Co., Defendant-Appellant.

Court of Appeals

*No. 82–858. Submitted on briefs December 7, 1982.— Decided April 20, 1983.*
(Also reported in 334 N.W.2d 562.)

For the defendant-appellant the cause was submitted on the brief of *Leslie Brodhead Griffith* of *Ross and Chatterton Law Offices* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Dennis R. Lynch* of *Lloyd, Phenicie & Lynch, S.C.* of Burlington.

Before Scott, C.J., Voss, P.J., and Brown, J.

VOSS, P.J. Winston Judd appeals from an order denying a motion to vacate entered in the circuit court for Walworth county. The sole issue raised on appeal is whether the circuit court had jurisdiction to grant a default judgment in favor of the respondent, W. James Schmidt. We conclude that the court was without proper jurisdiction, and, accordingly, we reverse.

In May of 1979, Judd, doing business as Wisconsin Sealed Storage Company, filed an original petition under ch. XI in the United States Bankruptcy Court for the Western District of Wisconsin. Judd was granted an order authorizing him, as debtor in possession, to operate his business. Furthermore, a stay pursuant to Rule 11–44 of the Bankruptcy Act[1] was imposed.

In November of 1979, Judd entered into a contract with Schmidt for the sale and installation of a manure tank. Subsequently, a dispute arose as to the terms and performance of this contract. On May 26, 1981, during the stay, Schmidt commenced an action in the Walworth county circuit court. Schmidt was then informed by letter from Judd's attorney that Judd was operating under a stay pursuant to Rule 11–44. No further action was taken by Schmidt at this time.

On October 26, 1981, the bankruptcy court dismissed Judd's ch. XI petition. Subsequently, on December 3, 1981, Schmidt was granted a default judgment. Judd re-

---

[1] Rule 11–44 of the Bankruptcy Act reads in pertinent part:

(a) Stay of Actions and Lien Enforcement. A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter 10 of this title, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

ceived no word until the notice of entry of judgment on December 10, 1981.

The question before this court is whether the circuit court had jurisdiction over an action filed during the pendency of the stay. If the court did have jurisdiction, then the default judgment is valid. On the other hand, if the court did not have jurisdiction, the judgment is null and void. Our first inquiry is directed at the language of Rule 11-44(a). This rule reads in part:

A petition filed under Rule 11-6 or 11-7 shall operate as a stay of the *commencement* or the continuation of any court or other proceeding against the debtor, . . . . [Emphasis added.]

From the wording of Rule 11-44(a), it seems clear that the commencement of any action during the stay is expressly forbidden. We are bound to give each word in this section its ordinary and accepted meaning. *State ex rel. First National Bank & Trust Company of Racine v. Skow*, 91 Wis. 2d 773, 781, 284 N.W.2d 74, 77 (1979).

One of the purposes of setting up the entire bankruptcy court system and its rules is to afford some protection to the party filing for bankruptcy. In general, the filing of a ch. XI petition operates to protect the debtor from harassment and from frustration of his rehabilitation by prejudicial dismemberment and diminution of his assets during the pendency of the ch. XI proceeding. In addition, the bankruptcy rule providing that the filing of a ch. XI petition shall operate as a stay of any action against the debtor or his property reinforces the exclusive jurisdiction of the bankruptcy court by protecting the debtor from harassment of lawsuits initiated in other forums. If the debtor were subject to suit in various courts without restriction, the mere cost of defending could be debilitating, and a judgment could be fatal. The rule providing for a stay facilitates an expeditious and

economical arrangement by precluding fractionalization and thereby consolidating most claims within the insular proceedings of the ch. XI court. *See Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1167 (2d Cir. 1979).

Respondent argues that this section merely stays the continuation of the action and does not divest the court of jurisdiction in the first instance. If such were the case, then the word "commencement" found in Rule 11–44 would be rendered totally meaningless. We are bound to give meaning to each word of the statute. *Kollasch v. Adamany,* 104 Wis. 2d 552, 563, 313 N.W.2d 47, 52 (1981). It appears that the only interpretation which would give effect to the word commencement is that adopted by this court; a statutory stay of the commencement of an action means that state courts have no jurisdiction.

A review of court decisions involving the operation of Rule 11–44 further supports the conclusion reached here. *In re Seafarer Fiber Glass Yachts, Inc.,* 1 B.R. 358 (E.D. N.Y. 1979), addressed the issue of whether an action commenced and a default judgment obtained, during the stay, was of any effect. Initially, the court noted the well-established importance of the bankruptcy court's exclusive jurisdiction. *Id.* at 361. The court found that the necessity for exclusive jurisdiction was to prevent any hindrance or interference with the process of reorganization. *Id.* at 362, *citing* Collier Bankruptcy para. 3.03 at 424 (4th ed. 1972). The court held that the default judgment obtained in the Wisconsin state court was "[n]ull and void and is of no force and effect; . . . ." *In re Seafarer Fiber Glass Yachts, Inc.,* at 364.

Respondent cites *Baum v. Anderson,* 541 F.2d 1166 (5th Cir. 1976), as authority for the proposition that a state court action commenced during a stay imposed by Rule 11–44 need not be dismissed but, instead, may merely

be stayed from continuing. In *Baum,* the debtor filed a petition for bankruptcy on Friday afternoon. The creditor filed a state court action the following Monday. The court held that under the circumstances of that case, the action need not be dismissed. The court did, however, recognize the literal interpretation of Rule 11–44 as providing for dismissal of an action commenced in violation of the stay. *Id.* at 1170. The court found that the literal rule need not be imposed if the circumstances do not require it. *Id.* As mitigating circumstances, the court found that the debtor had received the full protection of Rule 11–44 since the creditor's claim did not serve to harass the debtor and the creditor was fully cooperating with the reorganization plan.

The two cases cited above, *In re Seafarer Fiber Glass Yachts, Inc.* and *Baum,* which deal with the same issue presented here, are clearly at odds. In evaluating the two contradictory holdings, we find that *Seafarer Fiber Glass Yachts* is a more reasonable interpretation of the provisions of Rule 11–44. We remain unpersuaded by the *Baum* logic primarily because we feel it is contrary to the objectives of Rule 11–44. As stated above, the purpose of Rule 11–44 is to stop creditors from pounding on the debtor's door and to protect them from this pressure. Rule 11–44 utilizes an automatic stay provision to accomplish this goal. We believe that the *Seafarer Fiber Glass Yachts* decision is in harmony with both the methods employed by and the goals of Rule 11–44.

In conclusion, we hold that the plain meaning of Rule 11–44 is controlling and that the action commenced by Schmidt was in violation of the stay in effect at the time. Accordingly, the order entered against Judd is hereby vacated.

*By the Court.*—Order reversed.