FIRST NATIONAL BANK OF RIVER FALLS,
Plaintiff-Respondent,

v.

H. Joseph SLATER, Defendant-Appellant,

Benjimin W. STORK, Nyla F. Stork, River Side Community State Bank of Minneapolis, The Country Today, Badger Corrugating Co., Equity Coop Elevator Co., Paul J. Akerman, Hennipen Co. of Minnesota on behalf of Beverly Slater, et al, Defendants.†

Court of Appeals

*No. 83–999. Submitted on briefs April 2, 1984.—
Decided August 7, 1984.*
(Also reported in 355 N.W.2d 539.)

---

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *H. Joseph Slater,* pro se, of River Falls.

For the respondent the cause was submitted on the brief of *Bye, Krueger & Goff, S.C.,* and *Stuart J. Krueger* of River Falls.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. H. Joseph Slater appeals an order denying his motion for relief from a foreclosure judgment. He contends that the circuit court did not have jurisdiction to enter the judgment because his Chapter XI bankruptcy petition automatically stayed the pending action. *See* 11 U.S.C. § 362 (1979). He also contends

that the bank's election to sell part of the mortgaged property in six months, see sec. 846.101, Stats., barred the bank's claim against the rest of the mortgaged property. Because the bankruptcy court's annulment of the automatic stay validated the foreclosure judgment, and because the bank's sec. 846.101 election did not affect its right to sell the rest of the mortgaged property, we affirm the trial court's order.

The bank had three notes from Slater. Each was secured by mortgages on Slater's home and one and one-half acres of land surrounding the home. The last two notes were also secured by Slater's land contract vendee's interest in sixty acres of adjacent farmland. When Slater did not pay his notes, the bank foreclosed on all of the mortgaged property. The foreclosure judgment permitted the bank to sell Slater's home and surrounding land at the end of a six-month redemption period. It authorized the sale of the adjacent farmland at the end of a twelve-month redemption period. Because part of the mortgaged property was to be sold after six months, the bank waived its right to a deficiency judgment against Slater. *See* sec. 846.101, Stats.

Five days before the foreclosure judgment was entered, Slater filed a Chapter XI bankruptcy petition. Slater had not appeared in the foreclosure action, and neither the bank nor the court knew of this filing. Based on this filing, Slater asked the court to vacate its foreclosure judgment on the ground that it did not have jurisdiction to enter the judgment. The circuit court refused to vacate its judgment until the bank had the opportunity to seek an annulment of the stay from the bankruptcy court. The bank then went to the bankruptcy court, which annulled the stay subject to the requirement that the foreclosure sale not take place until six months after the issuance of the bankruptcy court's order.

The annulment of the automatic stay validated the foreclosure judgment. Under 11 U.S.C.A. § 362(d) (West 1979), the bankruptcy court is authorized to grant relief from the stay "such as by terminating, annulling, modifying, or conditioning such stay . . . ." We must give meaning to each word of this statute. *See Kollasch v. Adamany,* 104 Wis. 2d 552, 563, 313 N.W.2d 47, 52 (1981). "Annul" must consequently mean something other than "terminate," "modify," or "condition." We interpret it to mean that the stay was deprived of all force and operation; was void and of no effect; a nullity. *See* Black's Law Dictionary 117 (rev. 4th ed. 1968). If the stay was a nullity, the foreclosure judgment was valid. *See Mellor v. Pistole,* 31 B.R. 151, 153–55 (Bankr. 9th Cir. 1983).

We do not consider *Schmidt v. Judd,* 113 Wis. 2d 68, 334 N.W.2d 562 (Ct. App. 1983), as precedent for our decision in this case. In *Schmidt,* the court of appeals held that the circuit court had no jurisdiction over an action that was started while an automatic bankruptcy court stay was in effect. The stay in *Schmidt* was not annulled or, if it was, this issue was not raised.

Because the foreclosure judgment was valid, the sale of Slater's home was properly confirmed by the court. The sale of Slater's home, however, only partially paid his debt to the bank. In confirming the sale, the court therefore ordered the sale of Slater's remaining mortgaged property to pay the amount he still owed the bank. This was appropriate as long as the bank had waived its right to a deficiency judgment against Slater. *See Glover v. Marine Bank,* 117 Wis. 2d 684, 700, 345 N.W.2d 449, 457 (1984).

*By the Court.*—Order affirmed.