In re Gary John MURRAY, Joyce Ann Murray, Debtors.

Bankruptcy No. 80–10592.

United States Bankruptcy Court, D. Maryland.

Sept. 3, 1980.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON FORECLOSURE SALE OF DEBTORS' INTEREST IN CONDOMINIUM UNIT

GLENN J. GOLDBURN, Bankruptcy Judge.

The debtors filed a Bankruptcy petition in this Court on June 4, 1980 listing in Schedule B–1 an interest in real property known as the Lynnhill Condominium Unit. The schedules indicated that the Debtors owned this condominium unit jointly as tenants by the entirety. On July 16, 1980 a copy of a Report of Sale, originally filed in a State Court Foreclosure Proceeding, was filed with the Trustee in Bankruptcy. According to this Report of Sale, a deed of trust from Joyce Ann Murray securing the Lynnhill Condominium Unit was foreclosed upon by the noteholder and the property sold at a public sale on July 8, 1980. The trustees under the Deed of Trust had no notice of the Bankruptcy proceeding until sometime after the sale had taken place.

## CONCLUSIONS OF LAW

Under the Bankruptcy Act, in effect prior to October 1, 1979, custody or possession of the bankrupt's property was required before the Bankruptcy Court could exercise jurisdiction. Maryland Rule of Procedure W74(f) vested jurisdiction over foreclosure proceedings (and the property being foreclosed) in the state court upon its docketing. Thus, had the Debtors in this case filed their Bankruptcy petition before October 1, 1979, and had foreclosure proceedings been docketed in the Maryland State Court prior to such filing, this Court would have been deprived of jurisdiction over the Debtors' interest in the Lynnhill Condominium Unit.

Custody or possession of the Debtors' property is no longer a jurisdictional prerequisite in view of 28 U.S.C. § 1471(e) which, effective October 1, 1979, grants the Bankruptcy Court exclusive jurisdiction over all of the property of the debtor, wherever located, as of the commencement of a Bankruptcy case, and Bankruptcy Code § 362(a)(4) which automatically stays any act to create, perfect, or enforce any lien against property of the estate upon filing of a Bankruptcy petition.

Section 75 of the former Bankruptcy Act contained a grant of jurisdiction similar to the one in 28 U.S.C. § 1471(e) and a prohibition against institution or maintenance of actions against the debtor (farmer) or his property similar to the automatic stay provisions of Bankruptcy Code § 362(a).

In *Kalb v. Feuerstein*, the United States Supreme Court held: (1) that the filing of a petition by a farmer and his spouse under § 75 deprived a State Court of power and jurisdiction to proceed in any manner with the foreclosure proceedings previously initiated against them without the consent of the Bankruptcy Court, and (2) that the State Court's confirmation of the sheriff's sale and Order ejecting the debtors from their farm "was not merely erroneous but was beyond its power, void, and subject to collateral attack". 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940). In *Meyer v. Rowen*, 181 F.2d 715 (10th Cir. 1950), the Court of Appeals held that under §§ 811

and 828 of the Bankruptcy Act, which granted the Bankruptcy Court exclusive jurisdiction over the debtor and his property, wherever located, and stayed any act or proceeding to enforce any lien upon the real property of the debtors, respectively, a State Court's Order of Sale and the sale made pursuant thereto were both void. Another Appellate Court has held that knowledge of the filing of the bankruptcy petition is immaterial, and that the automatic stay provision of Bankruptcy Rule 11–44(a), applicable to Chapter XI proceedings under the Act, was effective to stay foreclosure proceedings in a State Court even where the creditor filed such proceedings in good faith. *Baum v. Anderson*, 541 F.2d 1166 (5th Cir. 1976).

In the instant case, the debtors filed their Bankruptcy petition on June 4, 1980. At that point, all of their property, including their interest in the Lynnhill Condominium Unit, became subject to the exclusive jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. § 1471(e) and any foreclosure action against that interest was stayed by virtue of Section 362(a) of the Bankruptcy Code.

Bankruptcy Code § 549(c) does provide a limited exception to the trustee's power to avoid a sale in violation of the Code's automatic stay provision. The exception applies when a sale made to certain types of purchasers is held in a county other than that in which the Bankruptcy petition is filed, unless a copy of the petition had been recorded in the land records of that county. In this case, both the foreclosure proceeding and the Bankruptcy petition were filed in the same county, therefore the exception does not apply.

The Court concludes that the State Court was without jurisdiction to act in the foreclosure proceedings against the debtors' interest in the Lynnhill Condominium Unit, and that the sale thereof was held in violation of the automatic stay. Accordingly an Order will be entered declaring the sale void.