**In re Anne Marie MONGIOVE, Debtor.**

**Anne Marie MONGIOVE, Plaintiff,**

**v.**

**Donald BROWNE, Defendant.**

**Bankruptcy No. 80–00999–BKC–TCB.
Adv. No. 80–0219–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Sept. 22, 1980.

Phillips & Phillips, Miami, Fla., for debtor/plaintiff.

Donald Browne, pro se.

FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Debtor has filed a complaint to restrain the defendant from asserting any claim of ownership with respect to real property owned by the debtor on August 7, 1980, the date the chapter 13 petition was filed. (C. P. No. 1) Defendant has answered. (C. P.

No. 3) The matter was heard on September 18, 1980.

In all material respects, the facts are undisputed. Defendant was the high bidder at a judicial sale of the debtor's parcel conducted four days after the filing of the petition, and received a certificate of title 11 days later from the Clerk of the Circuit Court. The property is located at 19355 N.W. 45 Avenue, Miami, Florida, in Dade County, the same county in which this chapter 13 proceeding was commenced. Although a notice of the pendency of this bankruptcy was filed with the State court clerk on August 7, 1980, it was improperly docketed and misfiled. As a result, the State proceeded with the foreclosure. Defendant had no knowledge of the pending bankruptcy proceeding until after a certificate of title was issued by the Circuit Court of Dade County and claims title good as against the debtor.

■ The filing of a bankruptcy petition constitutes an automatic self-executing stay of any judicial proceeding or act to obtain possession of property of the estate. 11 U.S.C. § 362. As of the filing of the petition, the real property in question became property of the estate, 11 U.S.C. § 1306, and, therefore, all actions were stayed with respect to this property. The subsequent foreclosure sale and issuance of title by the Clerk of the Circuit Court were acts in violation of the stay and as such, are void and without effect. 2 *Collier on Bankruptcy*, ¶ 362.11 Note 2. Furthermore, the limitation in § 549(c) does not operate to protect this defendant since the judicial sale involved real property located in the same county in which the chapter 13 proceeding was commenced.

■ Defendant argues that the petition and plan of reorganization were filed in bad faith. While such a showing would be relevant on an objection to confirmation, it has no bearing on the issue presently before me. Furthermore, I find no evidence to support such a finding on the present record.

For the foregoing reasons, I find and conclude that the certificate of title received by the defendant from the State court is void and of no effect. Plaintiff is entitled to a judgment enjoining the defendant from any act of ownership over the real property in issue. A separate judgment will be entered in accordance with the provisions of B.R. 921(a).