In the Matter of Kenneth M. ENDRES and Mary A. Endres, Debtors.

Kenneth M. ENDRES and Mary A. Endres, Plaintiffs,

v.

FORD MOTOR CREDIT CO., Defendant.

Bankruptcy No. 81–00504.
Adv. No. 81–0228.

United States Bankruptcy Court,
E. D. Wisconsin.

July 1, 1981.

Mark Kutschenreuter, Snyder Law Office, Hartford, Wis., for plaintiffs.

Rocke A. Calvelli, Prosser, Wiedabach & Quale, Milwaukee, Wis., for defendant, Ford Motor Credit Co.

## DECISION

HOWARD W. HILGENDORF, Bankruptcy Judge.

The facts in this case are as follows:

On May 20, 1980, debtors purchased a 1980 Mercury Bobcat automobile from Roskopf Ford Mercury Inc. under a Wisconsin automobile retail installment contract. The contract provided for 48 monthly installments of $121.20 commencing June 29, 1980. Payments were made in accordance with the contract until November 29, 1980 when debtors failed to make the scheduled payments for November and December of that year.

Ford Motor Credit Company, to whom the claim was assigned, notified the debtors in writing that unless the due payments (plus a $3.00 penalty) were made, or the entire debt paid in full, repossession would ensue. Failing to receive a response, Ford Motor Credit Company (FMCC) filed a com-

plaint in the State Court. Summons and complaint were personally served on the debtors by a deputy sheriff on February 9, 1981. The proceeding was scheduled for February 25, 1981.

On or about February 17, 1981 the debtor's attorney notified FMCC's attorney that the debtors were expecting to file bankruptcy the week of February 23, 1981. At this time no mention was made of the pending replevin action to the debtors' attorney.

On February 24, 1981 debtors filed their bankruptcy petition.[1] The following day, February 25, 1981, debtors failed to present themselves in state court and a default judgment was rendered against them allowing FMCC to repossess the automobile. The automobile was, in fact, repossessed on March 8, 1981. The following day FMCC was notified by debtors' attorney that the debtors had filed bankruptcy and that the debtors' tools were confiscated with the automobile.

The debtors maintain that the automobile must be returned to their possession because § 362 of the Bankruptcy Code stays any action by a creditor against the debtor. FMCC has declined to return the vehicle and in response to debtor-plaintiff's complaint have filed a counterclaim to retain possession of the automobile and have made a motion for summary judgment.

The petition in bankruptcy was filed the day before the state court rendered its default judgment against the debtors. The filing of a petition in bankruptcy automatically initiates the stay provisions of the Bankruptcy Code. Section 362(a)(1) states:

§ 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the

---

1. The original petition was filed under Chapter 13 and later converted to Chapter 7 on March 23, 1981.

debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

Repossession of the vehicle was in violation of the stay provision cited above. Once the petition in bankruptcy was filed, it operated as an order to stay any attempt to obtain possession of the car. The order of the State Court was void in view of the applicable code section. *In re Murray*, 5 B.R. 732, 6 B.C.D. 921 (Bkrtcy.D.Md., 1980); *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

FMCC asserts rightful possession because they had no actual notice of the filing of the bankruptcy petition. Their reliance is placed upon *In re Abt v. Household Finance Company*, 2 B.R. 323 (Bkrtcy.Ed.Penn.1980). The court held in that case that repossession prior to actual knowledge of the bankruptcy is not contemptible, and that there exists nothing in the Code requiring an affirmative response after a demand to return the property.

■ This court agrees that repossession prior to actual knowledge of the filing of the bankruptcy petition is not contemptible. However, this court finds that refusal to return the property upon learning of the proceeding is a willful violation of the stay provisions and may be contemptible. *In re Miller*, 10 B.R. 778 (Bkrtcy.D.Md.1981).

FMCC argues that they are only protecting their interest in the automobile. This court finds such an argument without merit because any such interest could have been protected by an order of this court after the filing of a proper action.

■ The record does not disclose whether or not the debtors have or can obtain insurance on the automobile. It is also not apparent what damages, if any, should be awarded to the debtors for loss of the automobile and tools. The debtors are entitled to immediate possession of the automobile provided they can furnish proof that the automobile is insured against loss or damage or that it will be so insured upon receipt of possession by the debtors.

■ The question of damages for the debtors' loss of the use of the automobile and tools involves questions of fact which will be scheduled for trial at a later date.

Summary judgment is appropriate only if it appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976); Fed.R.Civ.P. 56(c). The case before this court has issues of fact that are in dispute making it improper to decide this case on defendant's Motion for Summary Judgment. Therefore, the motion is denied. *U. S. v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 933, 8 L.Ed.2d 176 (1962).