In re VICTORIA GRAIN CO. OF MINNEAPOLIS, a Minnesota corporation, Debtor.

VICTORIA GRAIN CO. OF MINNEAPOLIS, a Minnesota corporation, Plaintiff,

v.

JANESVILLE ELEVATOR CONSTRUCTION, INC., a Minnesota corporation, Defendant.

Bankruptcy No. 4–83–2081.
Adv. No. 4–84–7.

United States Bankruptcy Court, D. Minnesota.

Feb. 2, 1984.

2. As noted in *Whiting Pools,* the tax authority should now pursue its claim in the bankruptcy court.

Steven B. Nosek, Rosanne H. Wirth, Wagner, Johnston & Falconer, Ltd., Minneapolis, Minn., for plaintiff.

Edward W. Bergquist, Minneapolis, Minn., Trustee.

John H. McLoone IV, Waseca, Minn., for defendant.

## ORDER FOR SUMMARY JUDGMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the motion for summary judgment filed by the plaintiff, Victoria Grain Co. of Minneapolis.[1] The following memorandum decision is made pursuant to Bankruptcy Rule 7052.

1. At the time the complaint was filed and the  motion for summary judgment filed and sub-

**4**

## FINDINGS OF FACT

1. The debtor filed a Chapter 11 petition on January 13, 1983.

2. On February 10, 1983, Janesville Elevator Construction, Inc. (Janesville) filed with the Steele County Recorder a mechanics lien statement against certain real property owned by the plaintiff in Owatonna, Minnesota. The mechanics lien statement alleged that Janesville held a lien on the property for the sum of $45,178.40 for labor and materials furnished and performed in improvement to that land between October 31, 1981 and November 11, 1982, the latter being the alleged date of the last item contributed in the form of labor or material.[2]

3. On November 11, 1983, the debtor was served with a Summons and Complaint to foreclose the mechanics lien, the defendant herein, Janesville Elevator Construction, Inc. being the plaintiff in that action.

4. On November 14, 1983, the Summons and Complaint were filed with the Steele County Clerk of District Court. On that same date, a Notice of Lis Pendens relative to such action was filed with Steele County Recorder as document No. 188408.

5. Janesville received no written notice of the debtor's bankruptcy proceedings.

## CONCLUSIONS

### I

The first issue is procedural. The plaintiff styled its motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure made applicable to this proceeding by Bankruptcy Rule 7056. However, since the motion was made strictly on the plaintiff's complaint and the defendant's answer, it appears that perhaps the motion was properly one for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure made applicable to this proceeding by Bankruptcy Rule 7012(b). The defendant has filed two affidavits, one going to an issue raised in Count 3 of the plaintiff's complaint which is not the subject matter of the motion for summary judgment and another regarding its knowledge of the bankruptcy case which ultimately is irrelevant to the decision on the motion for summary judgment as well. Rule 12(c) states:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ....

It is clear, in any case, that there are no issues of material fact.

### II

I think that the proper place to start is to review certain sections of the Minnesota Statutes. Minn.Stat. § 514.01 reads:

> Whoever performs engineering or land surveying services with respect to real estate, or contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery for any of the purposes hereinafter stated, whether under contract with the owner of such real estate or at the instance of any agent, trustee, contractor or subcontractor of such owner, shall have a lien upon the improvement, and upon the land on which it is situated ....

Minn.Stat. § 514.05 reads:

> All such liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning the improvement, and shall be preferred to any mortgage or other encumbrance not then of record,

---

mitted, the plaintiff was the debtor in possession in a Chapter 11 case. However, on January 17, 1984, this case was converted to a case under Chapter 7 and subsequently, Edward W. Bergquist was appointed trustee and became the true party in interest. The trustee has consent-

ed to this matter being decided based on the submissions by the debtor.

**2.** My calculation reflects that the date the mechanics lien statement was filed was 91 days after the date of the alleged last date of work or material.

unless the lienholder had actual notice thereof.

Minn.Stat. § 514.08, Subd. 1, read during the times relevant hereto:

The lien ceases at the end of 90 days[3] after doing the last of the work, or furnishing the last item of skill, material, or machinery, unless within this period:

(1) A statement of the claim is filed for record with the county recorder of the county in which the improved premises are situated, or, if the claim is made under section 514.04, with the secretary of state; and

(2) A copy of the statement is served personally or by certified mail on the owner or his authorized agent or the person who entered into the contract with the contractor.

Minn.Stat. § 514.10 provides in part:

Such liens may be enforced by action in the district court of the county in which the improved premises or some part thereof are situated, . . . .

Minn.Stat. § 514.11 provides in part:

The action may be commenced by any lienholder who has filed his lien statement for record and served a copy thereof on the owner pursuant to section 514.08, and all other such lienholders shall be made defendants therein. The summons shall state that the complaint has been filed with the clerk and shall be of no effect unless such complaint be in fact so filed.

Minn.Stat. § 514.12 provides in part:

Subdivision 1. Recording. At the beginning of the action the plaintiff shall file for record with the county recorder of the county in which it is brought, and of the several counties if the lien be claimed under section 514.04 a notice of the pendency thereof, embracing therein a copy of the summons, omitting the caption . . . .

Subd. 3. One-year limitation. No lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim as set forth in the recorded lien statement; . . . .

Reviewing § 514.05 above, it is clear that the lien attaches at the commencement of the work even though filing the mechanics lien statement to perfect the lien found in § 514.08 is not required until some 90 days after the date of the last work. When the debtor filed its case, assuming the allegations in the mechanics lien foreclosure complaint are correct, the lien had attached to the debtor's real property. It is also clear that the mechanics lien statement had not been filed and thus the lien was not yet perfected. This might make the mechanics lien avoidable pursuant to 11 U.S.C. §§ 544(a)(3) or 545(2). However, 11 U.S.C. § 546(b) provides:

The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such pefection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

■ I think that Minn.Stat. § 514.05 is clearly such a generally applicable law and thus lien avoidance rights would be subject to the right of the mechanics lien claimant here to perfect within the statutory period—then 90 days. For a general discussion of mechanics liens and their avoidability, *see, In re Saberman*, 3 B.R. 316 (Bankr.N.D., Ill.1980). *See* also, the brief discussion reaching the same conclusion in

---

**3.** This section was amended in 1983 to change the applicable period to 120 days. Minnesota Session Laws 1983, Chapter 296, § 4.

Collier on Bankruptcy, 15th ed. Paragraph 546.03[2].

## III

■ The debtor points out, however, that the filing of the mechanics lien statement would appear to be in violation of the automatic stay found in 11 U.S.C. § 362(a), specifically, § 362(a)(4) which provides that the filing of a petition would act as a stay of "any act to create, perfect, or enforce any lien against property of the estate". However, exceptions to the applicability of the automatic stay are found in § 362(b) and included within those exceptions is "any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) of this title". 11 U.S.C. § 362(b)(3). Since I have concluded that § 546(b) does apply to the perfection of mechanics liens, it follows that the exception to the automatic stay found in § 362(b)(3) applies. Thus, the automatic stay did not prohibit the filing of the mechanics lien statement by Janesville.

## IV

■ The debtor also argues that the commencement of the foreclosure proceedings violate the automatic stay found in § 362(a). As noted above, I agree with the defendant that the filing of the mechanics lien statement is perfection of a lien as that term is used in 11 U.S.C. § 546(b). However, clearly the commencement of foreclosure proceedings is something other than perfection of a lien. Foreclosure proceedings are prohibited by any number of the provisions of § 362(a) including those found in § 362(a)(1), (3), (4), and (6). The exception provided in § 362(b)(3) is only for acts to perfect an interest in property. Thus, it is clear that the commencement of the foreclosure proceedings violated § 362(a).

4. While Janesville argues in its memorandum that it had no actual notice, the record does not support the argument. The affidavit of Richard

## V

■ The defendant argues lack of knowledge of the filing of the case[4] and thus presumably of the existence of the automatic stay. However, as noted, § 362(a) clearly states that "a petition ... operates as a stay, applicable to all entities ...." The defendant cites no authority for its proposition, I suspect because none exists. The rule is clearly to the contrary; no actual notice is required. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Carribbean Food Products, Inc. v. Banco Credito y Ahorro Ponceno,* 575 F.2d 961 (1st Cir.1978); *Zestee Foods, Inc. v. Phillips Foods Corp.,* 536 F.2d 334 (10th Cir.1976); *Meyer v. Rowen,* 181 F.2d 715 (10th Cir.1950); *Potts v. Potts,* 142 F.2d 883 (6th Cir.1944), cert. denied, 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945), *In re Scott,* 24 B.R. 738 (Bankr.M.D.Ala. 1982), *In re Advent Corp.,* 24 B.R. 612, 614 B.A.P. 1st Cir.1982). The issue of knowledge is only important in determining whether some sort of punitive relief, as opposed to compensatory relief is appropriate. *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Beck Industries, Inc.,* 338 F.Supp. 1369 (S.D.N.Y. 1972); *Ben Hyman & Co., Inc. v. Fulton Nat. Bank,* 423 F.Supp. 1006 (N.D.Ga. 1976); Cf. *Baum v. Anderson,* 541 F.2d 1166 (5th Cir.1976), cert. denied 97 S.Ct. 1553, 430 U.S. 932, 51 L.Ed.2d 776 (1977).

## VI

Having determined that the commencement of the foreclosure proceedings violated the automatic stay, the question then becomes what to do about it. The debtor argues that the commencement of the action is void, a proposition for which there is much authority. *See, e.g. Miller v. Savings Bank of Baltimore (In re Miller),* 10 B.R. 778 Bankr.D.Md.1981, *Advent Corp. v. Fidelity & Deposit Company of Maryland (In re Advent),* 24 B.R. 612 (Bankr. 1st Cir.1982), *Wallingsford's Fruit House,*

L. Eustice, which is uncontroverted, states only that Janesville "received no *written* notice ...." (emphasis added)

30 B.R. 654 (Bkrtcy.D.Me.1983); 2 Collier on Bankruptcy 362.04 (15th ed. 1983), *Wariner v. First State Bank of Livingston (In re Wariner,* 16 B.R. 216 (Bankr.N.D.Tex. 1981), *Young v. Critton (In re Young),* 14 B.R. 809 (Bankr.N.D.Ill.1981), *Endres v. Ford Motor Credit Co. (In re Endres),* 12 B.R. 404 (Bankr.Wis.1981), *Truax v. Hovey Ltd. v. Grosso (In re Grosso),* 9 B.R. 815 (Bankr.N.D.N.Y.1981), *Pickus v. Vitagliano (In re Pickus),* 8 B.R. 114 (Bankr.D. Conn.1980, *In re Eisenberg,* 7 B.R. 683 (Bankr.E.D.N.Y.1980), *Mongiove v. Browne (In re Mongiove,* 9 B.R. 34 (Bankr. E.D.Fla.1980), *In re Scott,* 24 B.R. 738 (Bankr.M.D.Ala.1982), *In re Barksdale,* 15 B.R. 731 (Bankr.W.D.Vir.1981), *In re Murry,* 5 B.R. 732 (Bankr.D.Md.1980).

▪ I don't think it is necessary to decide whether the actions are, in fact, void since they are at least voidable, and I conclude that this is an appropriate case for voiding the Janesville's actions. It is precisely this sort of litigation and lien enforcement that the automatic stay is designed to prevent a debtor in possession or trustee from having to defend. Allowing the commencement of the proceedings to stand would run directly contrary to the intent of Congress in enacting the stay provisions.

▪ Voiding the commencement of the action as against the debtor and its property may not prejudice Janesville. 11 U.S.C. § 108(c) provides:

Except as provided in section 524 of this title, if applicable law, an order entered in a proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim.

Minn.Stat. § 514.12 Subd. 3 is such applicable law, and I think that § 108(c) acts to extend the time for filing the complaint to foreclose the mechanics lien. As far as I know, the automatic stay as to the defendant's claim against the debtor has neither terminated nor expired so the time for filing the complaint provided in 514.12 Subd. 3 has not expired.[5]

## VII

▪ The third cause of action in the debtor's complaint deals with alleged defects in the service and filing of the Summons and Complaint and the Notice of Lis Pendens under the Minnesota Statutes. I think that this cause of action has become moot and if not, would more properly be raised as affirmative defenses in the mechanic's lien action and, therefore, I feel that it is appropriate to abstain from hearing the plaintiffs' third cause of action pursuant to 28 U.S.C. § 1471(d).

THEREFORE, IT IS ORDERED:

1. The service and filing of the Summons and Complaint by Janesville Elevator Construction, Inc. to foreclose its lien on real property of Victoria Grain Co. of Minneapolis in Steele County, Minnesota, more particularly described on Exhibit A attached to the plaintiffs' Complaint is void.

2. The filing of the Notice of Lis Pendens of such action filed with the Steele County Recorder on November 14, 1983 as Document No. 188408 is void and hereby discharged.

3. I abstain from hearing plaintiff's Third Cause and the plaintiff's Third Cause is dismissed.

4. Let judgment be entered accordingly.

---

**5.** This all assumes that Janesville's lien has not terminated pursuant to Minn.Stat. § 514.08,

Subd. 1. *See,* Footnote 2, *supra.*