**In re Patricia E. BELCHER, Debtor.**

**Bankruptcy No. 95–12963–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 16, 1995.

Jordan E. Bublick, North Miami, Florida, for debtor.

Samuel Mones, Miami Beach, Florida, for Creditor Best Cars and Trucks, Inc.

Nancy N. Herkert, Trustee, Hialeah, Florida.

***MEMORANDUM DECISION AND ORDER GRANTING IN PART DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 362(h) FOR DAMAGES FOR WILLFUL VIOLATION OF AUTOMATIC STAY AND FOR DETERMINATION OF CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY***

A. JAY CRISTOL, Chief Judge.

Debtor's motion pursuant to 11 U.S.C. § 362(h) for damages for willful violation of

automatic stay and for determination of contempt of court for violation of the automatic stay (the "motion") against Best Cars and Trucks, Inc. ("BCT"), came before the court on August 29, 1995 for an evidentiary hearing. Counsel for the debtor and BCT appeared and presented evidence through documents and witnesses.

The chapter 13 debtor, Patricia E. Belcher (the "debtor"), seeks an order granting her damages and attorney's fees for an alleged willful violation of the automatic stay alleging that BCT refused to return her vehicle, a 1987 Chrysler New Yorker (the "vehicle") after BCT apparently innocently repossessed it post-petition. Debtor also seeks a determination that BCT violated § 362 and is subject to be sanctioned.

### FACTS

The debtor filed her petition for relief under chapter 13 of the Bankruptcy Code on June 20, 1995. Her first amended chapter 13 plan, *inter alia*, proposes to pay BCT's secured claim of $1,887 over a period of 48 months with interest.

On July 16, 1995, BCT repossessed the vehicle. The evidence was in dispute as to whether BCT had actual knowledge of the bankruptcy filing at the time of the repossession and debtor has not carried her burden to establish willful repossession. The court finds that BCT did not act willfully in violation of the automatic stay when it repossessed the vehicle.

Thereafter, on Monday, July 17, 1995, counsel for the debtor faxed a letter to BCT with a copy of the bankruptcy petition attached. Two days later, on Wednesday, July 19, 1995, BCT faxed a letter to counsel for the debtor acknowledging receipt of counsel's fax and stated that BCT was awaiting advice from its attorney on how to proceed.

On July 19, 1995, debtor filed her motion. It was set for hearing in the regular course for August 29, 1995. On Tuesday, July 25, 1995, debtor filed an emergency motion for a preliminary injunction or to hear the motion on an emergency basis. The emergency motion was set for hearing on Tuesday, August 1, 1995.

The debtor and BCT's officer testified that the vehicle was returned to her on July 26, 1995, nine days after initial demand. The court is not persuaded by BCT's officer's testimony that the vehicle was "available" to the debtor on July 21, 1995. The debtor was deprived of the vehicle after the Monday, July 17, 1995 notice until either July 21, 1995, a period of four days, when BCT claims it was available, or until July 26, 1995, when it was returned, a period of nine days.

Debtor claims she missed one day of work and lost wages of $121. She was also required to pay $60 to be driven to work. Thereafter, the debtor also testified that a $12 item of medicine was missing from the glove box when the vehicle was returned.

### DISCUSSION

It is the contention of the debtor that BCT, upon being informed that the debtor filed a chapter 13 case, had an affirmative obligation to comply with her request to return the vehicle and by refusing and failing to return the vehicle for nine days, acted in willful violation of the automatic stay of 11 U.S.C. § 362. Debtor is seeking an award of her actual damages, including costs and attorney's fees, and punitive damages, pursuant to § 362(h) of the Bankruptcy Code.

The filing of a bankruptcy petition automatically stays most creditor actions to satisfy their claims against the debtor and property of the estate, including attempts "to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The automatic stay is a basic protection afforded debtors under the bankruptcy laws and its scope is intended to be broad. *In re Stringer*, 847 F.2d 549, 551–552 (9th Cir.1988); see also H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 342–43 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296.

In a case factually, precisely on point, my learned colleague, Judge Emil F. Goldhaber decided that a creditor which had no actual knowledge of debtor's petition for relief

would not be held in contempt[1] for the post-petition repossession of the automobile and that creditor would not be held in contempt for failure to return the automobile because the automatic stay does not direct creditors to take any affirmative action. *In re Abt,* 2 B.R. 323 (Bankr.E.D.Pa.1980).

Other courts have decided this issue to the contrary on the theory that the failure to return the property is an "exercise of control over property of the estate." *In re Ryan,* 156 B.R. 321 (Bankr.M.D.Fla.1993); *In re Abrams,* 127 B.R. 239 (9th Cir. BAP 1991); *In re Miller,* 22 B.R. 479 (D.C.Md.1982); *In re Johnson,* 18 B.R. 755 (Bankr.S.D.Ohio 1982); *Matter of Endres,* 12 B.R. 404 (Bankr. E.D.Wis.1981).

The Eighth Circuit Court of Appeals considered a similar situation in *In re Knaus,* 889 F.2d 773 (8th Cir.1989). The court held that the filing of the bankruptcy petition creates a duty in creditors in possession of estate property to turn over such property. *Knaus,* 889 F.2d at 775. The court concluded that the failure to fulfill this duty constituted a prohibited attempt to "exercise control over property of the estate in violation of the automatic stay." *Knaus,* 889 F.2d at 775. In the Ninth Circuit, in the case of *In re Abrams,* 127 B.R. 239 (9th Cir. BAP 1991), the BAP found the reasoning in *Knaus* persuasive and concluded that a post-petition retention of the property of the estate is a violation of the automatic stay.

This court will follow the majority position on this issue. In determining that the creditor had a duty under 11 U.S.C. § 362 to return the vehicle and re-establish the status quo as of the day of the filing of the petition, a factual issue arises.

■ If the creditor acted innocently in the repossession which involved an actual seizure of property of the estate and then learned of the bankruptcy, at what point does the innocence ferment into a stay violation? Is it the instant that notice is received? Should BCT have placed the vehicle on its fax machine and faxed it back to the attorney for the debtor? Must it be returned within the hour or that day? If the notice arrives at 4:59 p.m. on Friday afternoon, must the property be returned Friday night or on Saturday? Was the two day delay to the time the creditor acknowledged receipt of the faxed notice from debtor's attorney the outside limit? Did creditor have a right to consult counsel prior to acting? And what about this case where the creditor's attorney was out of town?

How much pressure should this, to this point, innocent creditor be under? Is the delay of four days to the 21st of July reasonable?

Another look at this case shows that debtor filed her petition on June 20, 1995. For whatever reason, neither the debtor nor her attorney gave notice of the filing to this creditor until twenty-seven days later. Didn't the debtor and her attorney know that the payments on the vehicle were delinquent? Didn't counsel for debtor know that in a chapter 13 case the notice of filing is not mailed to creditors until some time after debtor files a plan? Is not protection of debtor's home and vehicle the primary reason for this filing? Isn't it generally known that if house payments are not made, house mortgages are foreclosed and if car payments are not made, that cars are repossessed? Would not a letter from debtor or debtor's attorney to BCT, mailed or faxed the day the petition was filed, advising of the bankruptcy and perhaps telling the creditor that this obligation would be taken care of in the plan, have avoided this whole sorry mess? Seventeen days went by after the date of filing before the pickup order was issued. Another nine days elapsed before the pickup of the vehicle.

This seems to be a self-inflicted wound. The filing of a bankruptcy petition does not empower a debtor with unlimited rights and free debtor of all obligations while eliminating all rights of creditors. A creditor is entitled to notice and a reasonable time to respond in a case like this one.

---

1. The language is not artful. Contempt is not in issue. Sanctions under 11 U.S.C. § 362(h) are the question.

This court concludes that the delay until July 21, 1995 by BCT was reasonable. Perhaps even a fifth day could be allowed. After that, BCT had a duty to return the vehicle to the place from where it was taken.

■ Since creditor retained the vehicle four or five days too long, the creditor must make whole the damages suffered by debtor during those additional days the vehicle was retained. The lost wages occurred the first day the vehicle was not available to debtor, within the reasonably allowed period of time for creditor to react and are part of the self-inflicted wound. Calculating the transportation expense at $10 per day, debtor is entitled to $30 for Monday, July 24, Tuesday, July 25, and Wednesday, July 26. Also, BCT did not have a lien on debtor's medicine and had a duty to return it to her at once. $12 for the medicine is allowed.

■ Counsel has requested fees in the amount of $1,400. Considering that counsel could have prevented this entire fiasco by a simple notice to BCT at the time of filing, the court values the benefit to the debtor in this situation as a negative. A fee of $20 is allowed.

Accordingly, it is

**ORDERED** as follows:

1. Best Cars and Trucks, Inc. technically violated the automatic stay in this case by not returning the vehicle by July 21 or July 22.

2. Judgment is entered against Best Cars and Trucks, Inc. in favor of debtor, Patricia E. Belcher for $42 as actual damages, pursuant to 11 U.S.C. § 362(h).

3. Judgment is further entered against Best Cars and Trucks, Inc. in favor of Debtor, Patricia E. Belcher for $20 for attorney's fees.

**ORDERED**.