**In re Kristen TAYLOR, Debtor.**

**Bankruptcy No. 95–12643–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 8, 1995.

**460**

Bernard I. Rappaport, Miami, FL, for Debtor.

Joseph Cvelbar, Plantation, Florida, for Creditor.

*MEMORANDUM DECISION AND ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 362(h) FOR DAMAGES FOR WILLFUL VIOLATION OF AUTOMATIC STAY AND FOR DETERMINATION OF CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY*

A. JAY CRISTOL, Chief Judge.

The Debtor's motion pursuant to 11 U.S.C. § 362(h) for damages for willful violation of automatic stay and for determination of contempt of court for violation of the automatic stay (the "motion") against Joseph M. Cvelbar, Attorney at Law, ("Cvelbar") came before the court for hearing on November 30, 1995.

The chapter 13 debtor, Kristen M. Taylor (the "debtor"), seeks an order of contempt for willful violation of the automatic stay alleging that Cvelbar refused to take affirmative steps to remedy innocent technical violation of the automatic stay. The Debtor also seeks a determination that sanctions should be imposed pursuant to 11 U.S.C. § 362(h).

### FACTS

The debtor filed her petition for relief under chapter 13 of the Bankruptcy Code on June 5, 1995. At the time of the filing an action for damages was pending in the County Court of Dade County, Florida entitled Greenwood Trust Company v. Kristen M. Taylor. The suit had been brought by the law firm which employed Cvelbar. On September 15, 1995 a Default Final Judgment was entered. Upon receipt of a copy of the judgment the Debtor sent a copy to her attorney Bernard I. Rappaport. On September 29, 1995 Rappaport sent a letter to the law firm which employed Cvelbar, informing the firm that the entry of a judgment after the filing of the petition for relief was a violation of the automatic stay. A request was made that the judgment be vacated to remedy the violation of the automatic stay.

On October 27, Cvelbar responded by asserting that there was no affirmative obligation to remedy the violation of the automatic stay and that if the Debtor ultimately received her discharge there would be no further obligation on the part of the Debtor. Upon receipt of the letter, Rappaport called Cvelbar and told him that he did have an obligation to vacate the judgment. Cvelbar informed Rappaport that no action would be taken and that Rappaport could "do what you want". On November 7, 1995 the instant motion was filed. On November 15, 1995 the law firm which employed Cvelbar filed a motion in the County Court to Vacate the judgment. An order vacating the judgment was entered on November 25, 1995.

### DISCUSSION

It is the contention of the debtor that upon being informed that the debtor filed a chapter 13 case, the attorney prosecuting the civil suit had an affirmative obligation to comply with the request to vacate the Default Judgment which had been entered post-petition. The debtor further contends that after being specifically informed of the technical violation of the automatic stay, the refusal to take affirmative steps to undo the action transformed a technical violation into a wilful violation of 11 U.S.C. Sec. 362(a)(1). The Debtor is seeking an order finding Cvelbar in contempt and for an award of her attorney's fees incurred as sanctions for having to bring this action.

■ The filing of a bankruptcy petition automatically stays the commencement or continuation, including the issuance of or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of a case under this title, or to recover a claim against the debtor that arose before commencement of the case. 11 U.S.C. § 362(a)(1). The automatic stay is a basic protection afforded debtors under the bankruptcy laws and its scope is intended to be broad. *In re Stringer*, 847 F.2d 549, 551–552 (9th Cir.1988); see also H.R.Rep. No. 95–595, 95th Cong., 1st

Sess. 342–43 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296.

The requirement to take affirmative action when there is a technical violation of the automatic stay has previously been addressed. In *In re Elder*, 12 B.R. 491 (Bankr. M.D.Ga. 1981), a continuing writ of garnishment had been entered pre-petition. Despite notice of the bankruptcy case, the garnishee continued to withhold a portion of the Debtor's pay check and the creditor failed to take any action to stop the garnishment. The court held that everyone who had notice of the pending bankruptcy, including the officials of the state court such as clerks, marshals and sheriffs had an obligation to stop the proceeding upon having notice. As a result of the failure to take affirmative action to stop the "snowball" effect of the garnishment both the creditor and garnishee were subjected to sanctions for violation of the automatic stay. The same issue was presented in *In re Mitchell*, 66 B.R. 73 (Bankr. S.D.Ohio 1986). In determining that the attorney who maintained the garnishment was subject to sanctions the court observed that the plain language of 11 U.S.C. 362(a)(1) enjoins the continuation of the commencement or continuation of an action to collect a pre-petition debt. If one is enjoined from continuing an action then a person is required to take steps to discontinue such action.

This court recently addressed this issue in *In re Belcher*, 189 B.R. 16 (Bankr.S.D.Fla. 1995). In *Belcher* a creditor had repossessed a car after the filing of the petition for relief but before the creditor had any knowledge of the filing of the case. The creditor unnecessarily kept possession of the vehicle after being informed of the bankruptcy filing. Finding the delay in returning the vehicle to be a violation of the automatic stay this court relied in part on *In re Knaus*, 889 F.2d 773 (8th Cir.1989), where the court held that the filing of the bankruptcy petition creates a duty in creditors in possession of estate property to turn over such property. *Knaus*, 889 F.2d at 775. The court concluded that the failure to fulfill this duty constituted a prohibited attempt to "exercise control over property of the estate in violation of the automatic stay." *Knaus*, 889 F.2d at 775. In the Ninth Circuit, in the case of *In re Abrams*, 127 B.R. 239 (9th Cir. BAP 1991), the BAP found the reasoning in *Knaus* persuasive and concluded that a post-petition retention of the property of the estate is a violation of the automatic stay.

### CONCLUSION

The court finds that neither Cvelbar nor the law firm which employed him did acted willfully in violation of the automatic stay when it obtained the Final Default Judgment on September 15, 1995. Although the debt to Greenwood Trust was listed as a debt the law firm representing the creditor had no actual knowledge of the filing of the petition for relief when the judgment was entered. However once notice was given that the petition relief had been filed Mr. Cvelbar had an affirmative duty to undo the technical violation. He was given every opportunity to remedy the situation but refused to do so in no uncertain terms. As a result the court finds that Mr. Cvelbar was in wilful violation of the automatic stay and in contempt as a result of the violation. As provided in 11 U.S.C. 362(h) the court orders that Mr. Cvelbar pay the attorney fees which have been a result of having to bring this matter before the court. The attorneys will attempt to resolve the amount of the fees within ten days of the date of this order. In the event that no agreement is reached, this court reserves jurisdiction to enter a sanction in the form of attorney fees.

**ORDERED.**