**NISSAN MOTOR ACCEPTANCE CORPORATION, Appellant–Creditor,**

v.

**Hubert BAKER, et al., Appellees–Debtors.**

No. Civ.A. 3:96–CV–0686–X.

United States District Court, N.D. Texas, Dallas Division.

Sept. 22, 1999.

Jerome S. Sepkowitz, Oklahoma City, OK, John Ward Holliday, Polk, Scheer, Prober & Holliday, Dallas, TX, for appellant.

Herman A. Lusky, Lusky & Associates, Dallas, TX, for appellees.

### MEMORANDUM OPINION AND ORDER

KENDALL, District Judge.

This is an appeal from a judgment entered by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, on February 6, 1996. The Bankruptcy Court held that various actions of Appellant–Creditor Nissan Motor Acceptance Corporation ("Appellant") violated the terms of the automatic stay provided by 11 U.S.C.A. § 362(a) (West 1998). The Bankruptcy Court awarded actual and punitive damages for Appellees Debtors ("Appellees") in the amount of $23,000, and reasonable attorneys' fees and expenses in the amount of $4,981.75. The Bankruptcy Court granted Appellant the option of satisfying the actual and punitive damages portion of the judgment by delivering to

Appellees a new 1996 Nissan Pickup Truck B, Model SE, together with its title free and clear of any liens. For the reasons stated below, the judgment of the Bankruptcy Court is **AFFIRMED.**

## I. FACTUAL BACKGROUND

Appellees filed a Chapter 7 bankruptcy petition on December 30, 1993. At the time of filing, Appellees listed their 1991 Nissan Pickup ("Vehicle"), for which Appellees were in arrears to Appellant by more than two monthly payments. In their Statement of Intentions submitted with their petition, Appellees stated an intent to reaffirm the debt to Appellant for the Vehicle. On January 4, 1994, Appellant, without knowledge of Appellees' bankruptcy, repossessed the Vehicle. Both sides admit that Appellees' counsel contacted Appellant following the repossession to inform Appellant of Appellees' bankruptcy. Appellant disputes Appellees' assertion that they requested the return of the Vehicle. Nonetheless, the Bankruptcy Court found that as of January 4, 1994, Nissan had notice of Appellees' bankruptcy.

Appellant did not turnover the Vehicle upon notice of Appellees' bankruptcy, but retained possession of the Vehicle. On February 23, 1994, almost two months after the bankruptcy was filed and over six weeks after Appellant received notice of the bankruptcy, Appellant filed its motion for relief from stay, or, in the alternative, adequate protection. However, while this motion was pending before the Bankruptcy Court, Appellant sold the Vehicle on March 16, 1994. The Bankruptcy Court, which did not know of the sale of the Vehicle, eventually granted Appellant's motion on June 1, 1994.

In November 1994, Appellees filed the adversary proceeding subject to this appeal seeking damages for violation of the automatic stay provided by § 362. The Bankruptcy Court entered a final judgment in favor of Appellees for $27,981.75, representing actual and punitive damages

and attorneys' fees. The Bankruptcy Court granted Appellant the option to fulfill the actual and punitive damages portion of the judgment by providing Appellees with a new 1996 Nissan pickup truck B, Model SE, together with its title free and clear of all liens.

Before this Court is Appellant's appeal of the Bankruptcy Court's judgment. Appellant has presented seven issues on appeal: (1) whether Appellant's exercise or control over estate property after notice of the automatic stay is a willful violation of the stay; (2) whether the sale of Appellees' Vehicle following repossession by Appellant without an order lifting the automatic stay is a willful violation of the stay; (3) whether cancellation of an extended service agreement on Appellees' Vehicle and the application of funds received under the agreement to Appellees' debt constitutes a willful violation of the stay absent relief from the stay; (4) whether there was sufficient evidence to award actual damages; (5) whether there was sufficient evidence to award punitive damages; (6) whether the failure of Appellees to mitigate damages should have been considered; and (7) whether the attorneys' fees awarded were excessive.

## II. ANALYSIS

■ The bankruptcy court's findings are reviewed under the clearly erroneous standard, and its legal conclusions are reviewed *de novo.* See FED.R.BANKR.P. 8013; *Coburn Co. of Beaumont v. Nicholas (In re Nicholas),* 956 F.2d 110, 111 (5th Cir. 1992).

■ Nissan's first assertion on appeal is that the Bankruptcy Court erred in holding that Appellant's exercise of control over the Vehicle after notice of the automatic stay was a willful violation of the stay. Interwoven in Nissan's argument is the issue of adequate protection—whether a secured creditor is required to turnover its collateral, which is property of the estate, without first receiving adequate pro-

tection. No dispute exists that the Vehicle was property of the estate. However, the parties disagree over Appellant's legal rights to retain possession of the Vehicle, its collateral, after having received notice of the Appellees' bankruptcy and the automatic stay.

Once a bankruptcy petition has been filed, the protections of § 362 of the Bankruptcy Code apply. Under § 362(a)(1), a bankruptcy petition operates as a stay of:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The automatic stay is a fundamental protection afforded by the bankruptcy laws. *See In re Stringer*, 847 F.2d 549, 551–52 (9th Cir.1988); *See also* H.R.REP. No. 595, 95th Cong., 1st Sess. 340–42 (1977); S.REP. No. 989, 95th Cong., 2d Sess. 54–55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 at 5840, 6296–97. At particular issue here is § 362(a)(3), which states that the automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

█ Numerous cases have held that a creditor's continued retention of estate property after notice of a bankruptcy filing constitutes an "exercise of control" over property of the estate in violation of the automatic stay. *See Transouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676 (6th Cir. BAP 1999), *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773 (8th Cir.1989); *In re Zaber*, 223 B.R. 102 (Bankr.N.D.Tex.1998) (McGuire, C.J.); *In re Belcher*, 189 B.R. 16 (Bankr.S.D.Fla. 1995); *In re Holman*, 92 B.R. 764 (Bankr. S.D.Ohio 1988). A willful violation of the stay does not require a specific intent to violate the stay. *See In re Zaber*, 223 B.R.

at 107. A postpetition repossession is unquestionably a violation of the automatic stay. *See Commercial Credit Corp. v. Reed*, 154 B.R. 471 (E.D.Tex.1993); *In re Belcher*, 189 B.R. 16 (Bankr.S.D.Fla.1995)

Appellant argues that its retention of the Vehicle after notice of the stay was not a willful violation of the stay. Appellant specifically argues that under the circumstances of this case, the prohibitions listed in § 362 must be read in conjunction with § 363(e), which addresses adequate protection of the secured creditor. Section 363(e) states that:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

Appellant argues that because § 363(e) provides an avenue for creditors seeking adequate protection. Appellant had the right to seek adequate protection by retaining the Vehicle to protect its interest. Appellant states that:

> [c]learly, if the [bankruptcy] court is able to condition the use of estate property on providing adequate protection, with or without a hearing, then [Appellant] certainly had the right to seek adequate protection (and in fact did upon filing of the Motion [for relief from stay, or, in the alternative, adequate protection]) before [Appellees] or the trustee could use the Vehicle.

Am.Br. of Appellant at 5 [hereinafter Appellant's Br.]. In addition, Appellant argues that Appellees never asked Appellant to return the Vehicle to them and never reaffirmed the debt.

█ Appellant's argument is unpersuasive. Appellant's argument that Appellant had the right to seek adequate protection is without any authority and is contrary to the language of § 363(e).

There is nothing in § 363(e) that grants a creditor like Appellant the authority to engage in self-help to retain estate property as adequate protection, which is exactly what Appellant did in this case. Moreover, contrary to Appellant's argument, § 542(a) provides that a creditor like Appellant "*shall* deliver to the trustee, and account for, [estate] property or the value of such property" (emphasis added). Section 542(a) has been construed to establish an affirmative obligation on the creditor to return estate property unless it is of inconsequential value to the estate, and nothing in § 542(a) requires the debtor to provide the creditor with adequate protection as a condition precedent to turnover. *See In re Zaber,* 223 B.R. at 105. Appellant's action is a violation of its obligation under § 542(a) to turnover estate property, and subverts the authority of the Bankruptcy Court as specified in § 363(e) to order adequate protection when the *Bankruptcy Court,* not the creditor, deems such protection necessary. Moreover, Appellant did not even comply with § 363(e) because it retained the Vehicle despite the fact that its motion for relief from stay was *still pending* before the Bankruptcy Court. Finally, Appellant's argument that Appellees should have requested the Vehicle to be returned completely circumvents the directive of § 542(a), which places the burden on Appellant to return estate property. Thus, the Bankruptcy Court's finding that Appellant's continued retention of the Vehicle after knowledge of Appellees' bankruptcy was a willful violation of the automatic stay is not clearly erroneous.

■ Appellant's second issue on appeal is whether Appellant's sale of the Vehicle was a willful violation of the stay. Appellant specifically argues that because Appellant did not know that the stay was in effect when it sold the Vehicle on March 16, 1994, its violation of the stay was not willful Appellant adds that its records indicated that it received information from its counsel that the stay had lifted on March

5, 1994, even though there was no ruling from the Bankruptcy Court on Appellant's motion until June 1, 1994.

This argument is frivolous. In essence, Appellant argues that its sale of the Vehicle was authorized not by any order of the Bankruptcy Court, but by its "records," which indicated that the stay had lifted on March 5, 1994. The undisputed facts reveal that the stay was in effect until June 1, 1994, when the Bankruptcy Court granted Appellant's motion for relief from stay. Appellant's sale of the Vehicle on March 16, 1994, was willful because Appellant had knowledge of the stay when it sold the Vehicle on March 16, 1994. Appellant knew that the stay was in effect when it filed its motion on February 23, 1994, Appellant cannot "play dumb" and rely on its "records," which inexplicably indicated to Appellant that the stay had lifted on March 5, 1994, when there was no order from the Bankruptcy Court relating to Appellant's motion until June 1, 1994. Appellant's disregard of the Bankruptcy Court's authority is inexcusable, and the Bankruptcy Court did not err in finding that Appellant's sale of the Vehicle was a willful violation of the stay.

■ Appellant's third issue on appeal is whether the cancellation of the extended service contract and application of the refund to the debt owed by Appellees was a willful violation of the stay. Appellant contends the Bankruptcy Court erred in formulating or applying the law because Appellant contends that it cancelled the contract because the Chapter 7 Trustee did not assume or reject the contract as required by § 365(d)(1). Thus, Appellant argues, the contract was deemed rejected, and Appellant credited the payments Appellees made under the contract to Appellees' debt owed to Appellant.

This argument is also unpersuasive. As with the issue of Appellant's sale of the Vehicle, what is at issue here is Appellant's self-help in appropriating estate property in violation of the stay. Appellant cannot deem the contract as rejected because the

contract had not terminated prior to Appellees' bankruptcy filing, and any right of Appellant to cancel the contract was subject to the automatic stay per § 362(a). It is undisputed that the payments were property of the estate, and were subject to the turnover provisions of §§ 542 and 543. Appellant did not turnover the payments and appropriated them with knowledge of the stay. Thus, the Bankruptcy Court did not err in formulating or applying the law when it found that Appellant willfully violated the stay by cancelling the service contract and appropriating the payments to Appellees' debt.

■ Appellant's fourth issue on appeal is whether there was sufficient evidence to award actual damages. Appellant specifically argues that the Bankruptcy Court's award of actual damages was clearly erroneous and should be set aside. Appellant adds that Appellee did not plead for damages under § 362(h), that the only evidence of damages presented by Appellees was testimony that they paid $20 to $25 a week to their daughter-in-law for transportation, and that no other proof of actual damages was offered.

■ Appellant's arguments fail again. First, § 362(h) simply provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." There is no requirement that debtors like Appellees must plead actual damages. Appellant ignores Appellees' complaint, which pleads actual and punitive damages and attorneys' fees. Second, Appellant ignores the ample testimony offered by Appellees on their actual damages. In addition to Appellees' testimony that they paid their daughter-in-law to drive them when necessary, Appellees testified that the Vehicle was the only reliable source of transportation that they had, that Appellee Baker's daily commute to and from his work was ninety miles, that Appellees struggled to secure reliable

transportation after the Vehicle was repossessed by Appellant, and that Appellees had to purchase and finance a used Honda Civic in May 1994, as a replacement for the Vehicle. See Tr. at 31–51, 72. This evidence belies Appellant's contention that there was no other proof of actual damages. Thus, the Bankruptcy Court's award of actual damages was not clearly erroneous.

■ Appellant's fifth issue on appeal is whether the Bankruptcy Court erred and abused its discretion in awarding punitive damages. Specifically, Appellant argues that there was no evidence that Appellant's actions were malicious and repetitive so as to meet the "egregious" standard normally used in awarding punitive damages.

Again, Appellant's argument is unpersuasive. Under § 362(h), punitive damages can be awarded under "appropriate circumstances," which has been construed by other courts as "bad faith." *Cuffee v. Atlantic Bus. & Community Corp. (In re Atlantic Bus. & Community Dev. Corp)*, 901 F.2d 325, 328 (3d Cir.1990), "reckless or callous disregard for the law or rights of others," *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir.1989), and "egregious, intentional misconduct on the violator's part." *United States v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir.1989) (internal quotation marks omitted). In light of Appellant's willful violation of the stay by exercising self-help to possess and sell estate property, the Bankruptcy Court did not err, nor did it abuse its discretion, in awarding punitive damages.

■ Appellant's sixth issue on appeal is whether the Bankruptcy Court erred by not considering Appellees' failure to mitigate damages and by advocating Appellees' case where Appellees failed to do so. Appellant lists a variety of actions that Appellees could have undertaken to mitigate damages but failed to do so, and argues that such actions were ignored by

the Bankruptcy Court in awarding punitive damages.

Appellant's argument is without merit. Appellant's list of actions that could have avoided Appellees' damages completely ignores the crucial, undisputed fact that Appellant willfully violated the stay. None of the actions identified by Appellant undermines that fact as found by the Bankruptcy Court. Moreover, Appellees did not run up any damages but struggled to find transportation after Appellant repossessed and sold the Vehicle. Appellees eventually purchased a replacement car two months after the sale, but Appellant cannot identify any facts that would suggest that Appellees failed to mitigate damages. Contrary to Appellant's assertions, any damages suffered by Appellees could have been easily avoided if Appellant did not willfully violate the stay and returned the Vehicle to Appellees as they were required to under the Bankruptcy Code. Thus, the Bankruptcy Court's alleged "failure" to require Appellees to mitigate damages was not clearly erroneous.

Finally, Appellant's seventh issue on appeal is whether there is sufficient evidence to support the Bankruptcy Court's award of "excessive" attorneys' fees under § 362(h). Appellant argues that the award of $4,860.00 in attorneys' fees was excessive. Appellant cites the fact that Appellees' Counsel spent 18 hours on the case, his associate spent 2.5 hours, and his paralegals spent 14.2 hours. Appellant then argues that the resulting hourly billing rates for Appellees' counsel, his associate, and his paralegals, which Appellant presumes to be $205, $125, and $60, respectively, are excessive. Appellant coyly states that, "[i]f the [Bankruptcy] Court has set a new standard for reasonableness of attorneys' fees, it will certainly be useful to know in future cases in which creditors are seeking attorneys' fees. If not, the award was excessive and should be reduced." App.Br. at 14.

Appellant's argument is without merit. While the amount of attorney's fees awarded by the Bankruptcy Court is reviewed for clear error, *see Transamerican Natural Gas Corp. v. Zapata Part., Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir.), *cert. denied*, 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994). Appellant has failed to articulate why the award of such fees is clearly erroneous. Besides suggesting that the hourly billing rates of Appellees' counsel, his associate, and his paralegals were excessive, Appellant has offered no other reason or argument why the amount or billing rate may be excessive. Under the facts and circumstances of this case, the Court finds that the Bankruptcy Court's award of $4,860.00 in attorneys' fees per § 362(h) not clearly erroneous.

## III. CONCLUSION

For the reasons stated above, the Judgment of the Bankruptcy Court entered on February 6, 1996, is **AFFIRMED.** Pursuant to Rule 8014 of the Federal Rules of Bankruptcy Procedure, costs are taxed against Appellant.

It is so **ORDERED.**